ABRAHAM HARRIS

*v.*

ISAAC HARRIS.

*Opinion filed June 17, 1899.*

BILLS AND NOTES—*when note given for third person's debt is based on sufficient consideration.* Where one having the property of a debtor under his control executes a promissory note at the debtor's request, payable to one of the latter's creditors, which is accepted by such creditor in satisfaction of his debt, the note is based on sufficient consideration.

*Harris* v. *Harris*, 80 Ill. App. 310, affirmed.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

JOHN B. BRADY, for plaintiff in error.

SAMUELS & SELIGMAN, for defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was an action of assumpsit, brought in the superior court of Cook county by defendant in error, against plaintiff in error, to recover upon a promissory note which reads as follows:                    "CHICAGO, *Jan. 2, 1890.*

"Eight months after date I promise to pay to the order of Isaac Harris $1605, at my office, with interest at seven per cent per annum, value received.                    ABRAHAM HARRIS."
Due, 9/5, '90.

To the declaration the defendant pleaded two pleas: First, non-assumpsit; and second, want of consideration. A trial before a jury resulted in a verdict and judgment for the plaintiff for the amount of the note and interest. The defendant appealed to the Appellate Court, where the judgment was affirmed, and for the purpose of reversing the latter judgment this writ of error was sued out.

It appears from the record that Moses Harris, father of Abraham Harris, was indebted to Isaac Harris in the sum of $1605 for borrowed money. At the time the note was given Moses Harris, owing to some financial trouble, had placed in the name of Abraham Harris a large amount of property, and being indebted to Isaac Harris he requested Abraham Harris to execute and deliver to Isaac Harris his note for the amount of the indebtedness so owing by Moses Harris. Pursuant to such request the note in suit was executed and delivered to Isaac Harris by plaintiff in error, Abraham Harris.

Two grounds are relied upon in the argument of plaintiff in error: First, the verdict is contrary to the law and evidence; and second, the court erred in giving on its own motion the following instruction:

"If Moses Harris owed to the plaintiff the amount of the note sued upon, and if the property of Moses Harris was under the control of the defendant, and if, at the request of Moses Harris, the defendant gave to the plaintiff the note sued upon in satisfaction of the debt of Moses Harris to the plaintiff, and the plaintiff accepted the note as such satisfaction, then the note was given upon sufficient consideration and the plaintiff is entitled to recover the amount due upon the note. What are the facts the jury must determine from the evidence and from that alone, and nothing in any instruction is to be taken as any intimation by the court as to what any of the facts are."

In regard to the first contention, that the verdict is contrary to the evidence, that question was settled by the judgment of the Appellate Court and does not arise for consideration here.

In regard to the second question, it is apparent from the evidence that at the time the note was given Moses Harris was indebted to defendant in error in the sum of $1605, for which the note was executed. At that time it is also clear that plaintiff in error had in his possession and control a large amount of property belonging

to Moses Harris, one piece of which was worth at least $30,000. The evidence also tended to show that the note was given and accepted in satisfaction of the debt of Moses Harris. There was therefore ample evidence upon which to predicate the instruction given by the court.

We think it also clear that the instruction lays down a correct proposition of law. In *Underwood* v. *Hossack*, 38 Ill. 208, it was held that an extension of time for the performance of an agreement or for the payment of a debt forms a sufficient consideration to support .a contract. In Daniel on Negotiable Instruments (3d ed. sec. 185,) the author lays down the rule that where the debt of a third person is due and a note is taken payable at a future day there will be an implied agreement for delay. In Parsons on Notes and Bills (vol. 1, chap. 6, 2d ed. 195,) the author says: "A debt from a third person is, in general, a good consideration for a note. It certainly would be so if a delay in calling in the debt entered expressly into the bargain. Perhaps if the debt were payable at once and the note payable at a future day, or if both were payable in future and the note on the longest time, such agreement for delay would be implied." In *Thompson* v. *Gray*, 63 Me. 228, it was expressly held that the suspension of the right of a creditor to enforce payment of his debt is a sufficient consideration for the promise of a third person to pay it. Here the time for the payment of the debt was extended eight months and the note of the plaintiff in error was accepted for the indebtedness payable eight months after date, and under the rule established by the authorities cited there was ample consideration for the note. Moreover, if plaintiff in error gave the note in satisfaction of the debt due from Moses Harris to Isaac Harris, and it was accepted by Isaac Harris in satisfaction of such indebtedness, the agreement so to accept it was a sufficient consideration for the note. After the note in question was taken, no effort whatever, so far as appears, was made to collect the debt of Moses

Harris, but defendant in error relied upon Abraham Harris, and the latter recognized his liability to pay. There was therefore ample evidence to support the claim that the note in question was taken and accepted in satisfaction of the debt due from Moses Harris.

The note having been given upon a sufficient consideration, the judgment of the Appellate Court was correct, and it will be affirmed.     *Judgment affirmed.*