## MARY E. HART et al.

## v.

## GEORGE STRONG et al.

, Opinion filed December 18, 1899.

1. DURESS—*a threat to enforce a legal right is not duress.* A threat to foreclose a trust deed already due, and which the party had a legal right to foreclose, does not constitute duress as to the execution of another note and trust deed to prevent foreclosure.

| 183 | 349 |
|---|---|
| 91a | [3]401 |
| 183 | 349 |
| 205 | [3]268 |
| 183 | 349 |
| 110a | [4]656 |
| ;183 | 349 |
| ;209 | 558 |

2. CONSIDERATION—*when a conveyance is valuable consideration for note and trust deed.* A re-conveyance of property made as the result of the inability of one party to a previous exchange of the properties to pay an encumbrance he had agreed to have released, is a valuable consideration for a note and trust deed exacted from him by the other party to the trade before the latter would make the re-conveyance, which he was not legally bound to make.

3. SAME—*a moral obligation is not a valid consideration for a promise.* An agreement to accept less than the amount due on a note given on a re-exchange of properties, upon the moral consideration that the payee, believing himself about to die, thought he had exacted too large a consideration for re-conveyance, cannot be enforced.

4. ACTIONS AND DEFENSES—*what not a defense to foreclosure—payment.* Payment of a coupon note which the payor was legally bound to pay, upon a promise by the payee, based on a moral consideration, to surrender a principal note and a trust deed also legally enforceable against the payor, is not a defense to the note and trust deed in the hands of a subsequent assignee for value, though the payee executed and delivered receipts for the coupon and principal notes, where the payor's liability was not disputed and the promise never became operative as a gift because of the non-delivery of the notes.

*Strong* v. *Hart*, 83 Ill. App. 213, reversed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

. H. G. COLSON, for appellants:

The re-exchange of the properties furnished a valuable consideration for giving the $1200 note and trust deed in controversy. *Bank* v. *Kirkwood*, 172 Ill. 563; *Luttrell* v.

*Boggs,* 168 id. 361; *Yazel* v. *Palmer,* 81 id. 82; *Clay* v. *Clay,* 23 Ill. App. 109; *Beasley* v. *Webster,* 64 Ill. 458.

Where a party threatens nothing more than that which he has the legal right to perform, there is no duress. Neither will business necessities avoid the act complained of on the ground of duress. 6 Am. & Eng. Ency. of Law, (1st ed.) 71; *Stover* v. *Mitchell,* 45 Ill. 213; *Brower* v. *Callender,* 105 id. 88; *Peckham* v. *Hendren,* 76 Ind. 47; *Macloon* v. *Smith,* 49 Wis. 200.

To discharge a debt due on promissory notes by way of gift to the debtor, a release under seal or for a consideration, or an actual delivery or cancellation of the notes, is essential. *In re Campbell's Estate,* 7 Pa. St. 100; *Kidder* v. *Kidder,* 33 id. 268; *Gano* v. *Fisk,* 43 Ohio St. 462; *Tufnell* v. *Constable,* 8 Sim. Ch. 69; *Braun* v. *Schuett,* 59 Wis. 260; *Whitehill* v. *Wilson,* 3 P. & W. 405; *Blanchard* v. *Williamson,* 70 Ill. 647; *Lamson* v. *Monroe,* 2 N. E. Rep. 453; *Telford* v. *Patton,* 144 Ill. 619; *Neville* v. *Jennings,* 75 Ill. App. 503.

A promissory note is not the subject of disposal as a gift, either *inter vivos* or *mortis causa,* unless there is an actual delivery. *Telford* v. *Patton,* 144 Ill. 619; *Blanchard* v. *Williamson,* 70 id. 647; *Neville* v. *Jennings,* 75 Ill. App. 503.

Doing what one is legally bound to do is not, in law, a valuable consideration, and is insufficient to support a promise. 6 Am. & Eng. Ency. of Law, (2d ed.) 750, and cases cited; *Stuber* v. *Schack,* 83 Ill. 191; *Waters* v. *Simpson,* 2 Gilm. 570.

WILLIAM F. WIEMERS, and ELMER E. WAGNER, (FREDERICK S. BAKER, of counsel,) for appellees:

The notes and trust deed were without consideration and void. *Railway Co.* v. *Loewenthal,* 93 Ill. 450; *Scott* v. *Magloughlin,* 133 id. 33.

In determining whether force, fraud or intimidation induced the assent of one party to a transaction a court of equity will consider all of the case, and refuse its aid against one who, while apparently acting voluntarily,

was yet subdued by such harshness or apprehension as must control the will, although not amounting to legal duress.   *Bank* v. *Copeland,* 18 Md. 305.

The notes secured by the trust deed either were given without any consideration or have been forgiven and satisfied.   The complainants have gone into equity to enforce their rights, and even though they may have taken the notes in suit before maturity, in good faith, for a valuable consideration, yet, invoking the aid of equity, they hold the notes and trust deed subject to all the infirmities thereof and equities existing between the original parties to the transaction.   *Scott* v. *Magloughlin,* 133 Ill. 33; *Olds* v. *Cummings,* 31 id. 33; *Sumner* v. *Waugh,* 56 id. 538; *Walker* v. *Dement,* 42 id. 280; *Thompson* v. *Shoemaker,* 68 id. 256; *Bryant* v. *Vix,* 83 id. 14; *McAuliffe* v. *Reuter,* 166 id. 496; *Railway Co.* v. *Loewenthal,* 93 id. 450.

Upon the payment of the money secured by the mortgage the legal title is by operation of law immediately re-invested in the mortgagor.   *Daugherty* v. *Kerchival,* 1 Mar. 53; *Breckinridge* v. *Ormsby,* 1 J. J. Marsh. 257.

By analogy, a release of the debt should have the same legal effect.   The extinguishment of the debt, whether it be by payment or release, deprives the mortgagee of all right to the property mortgaged, and there seems to be no good reason why the legal title should not be transferred by operation of law to the mortgagor in one case as well as in the other.   *Armitage* v. *Wickliffe,* 51 Ky. 597.

A parol agreement by the mortgagee to release the mortgagor from his personal liability if he will convey the lands to a third person may be enforced by the mortgagor after performance on his part.   *Coyle* v. *Davis,* 20 Wis. 594.

A mortgage on lands is nothing more than a security for the debt, and anything which transfers or extinguishes the debt transfers or discharges the mortgage, an incident of the debt.   1 Hilliard on Mortgages, 480, 481; *Hawkins* v. *King,* 2 J. J. Marsh. 548.

Where, as in this case, the gift is made to the debtor himself and does not at the time admit of a technical delivery, the intention of the donor will not be defeated on that ground. *Green* v. *Langdon,* 28 Mich. 231.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

Mary E. Hart, alleging herself to be the owner of a principal note for $1200 and a coupon for $36, secured by a trust deed, and F. B. Hart, as successor in trust under said trust deed, filed their bill in the circuit court of Cook county against George Strong and Sarah M. Strong, his wife, the makers of said trust deed, to foreclose the same. The note and coupon were executed by George Strong and signed by Sarah M. Strong as security, and were payable to John W. Hart, and the trust deed was executed to John W. Hart, as trustee. The defendants answered the bill, admitting the execution and delivery of the note, coupon and trust deed, but alleging certain facts as a defense thereto. They also filed their cross-bill, setting up the same defense, and praying for a cancellation of the note and coupon and the release of the trust deed. The court sustained exceptions to the allegations of the answer setting up the defense and also sustained a demurrer to the cross-bill. The defendants in the original bill and complainants in the cross-bill elected to stand by their answer and cross-bill, and after a reference to a master a decree of foreclosure was entered. A writ of error was sued out from the Appellate Court, and that court reversed the decree and remanded the cause to the circuit court, with directions to dismiss the original bill and to grant the relief prayed for in the cross-bill.

The facts set up in the answer and cross-bill, which the circuit court held insufficient to constitute a defense or to authorize relief under the cross-bill, were, in substance, as follows: On or about August 21, 1895, Mary E.

Hart and George Strong made an exchange of real estate in Cook county, owned by them, respectively. The property conveyed to Mary E. Hart in the trade was subject to three encumbrances, two of which she assumed. The third one, a mortgage to Ella E. Raquet for $650, George Strong agreed to have released, and executed a note for $650, secured by a trust deed on the property conveyed to him, payable in seven weeks after date, to secure the release of said mortgage. The agreement to have the Raquet mortgage released was not performed, and in January, 1896, between two and three months after the maturity of the note given to secure such release, George Strong informed John W. Hart that he was unable to pay the mortgage and asked for time. John W. Hart refused, and threatened to foreclose the trust deed given to secure the release. George Strong, believing that he would be in danger of losing the property in case of foreclosure, proposed to re-exchange the property, putting the parties *in statu quo.* His proposition was refused unless he would pay John W. Hart $1200, to be secured by the note and trust deed sought to be foreclosed. Strong agreed to this, and pursuant to the agreement re-conveyances were made by the parties and the note and trust deed were executed. Afterward, in June or July, John W. Hart became ill, and on July 5, 1896, wrote to George Strong requesting him to call. Strong went to see Hart, who told him that he believed he would not recover; that he knew he had taken an unfair advantage of Strong in demanding the note and trust deed, and was anxious to rectify the matter while he was living and have his conscience freed and relieved from the burden thereof, and that if Strong would pay the coupon note for $36, due July 9, 1896, he would give him a complete and full forgiveness, release and discharge of the principal note and the trust deed. On July 9, 1896, Strong again called at the house and paid Hart the $36 due that day. Hart told him that the note and coupon and trust deed were in a

safety deposit vault, but he would give a receipt for the note and forgive the claim, and, as soon as he could, would get the note, coupon and trust deed and return them to Strong. Hart then gave Strong a receipt for $36 for the interest due, and another receipt for $1200 in full for the note. The note and trust deed were never surrendered to Strong nor was the trust deed ever released. Afterward, on August 1, 1896, said John W. Hart transferred and delivered the note and trust deed to his wife, Mary E. Hart, for a valuable consideration. Soon afterward John W. Hart died, and F. B. Hart was the successor in trust.

It is first argued that these facts show the note and trust deed to be without consideration, and, the trust deed being subject to that defense in the hands of Mary E. Hart, as assignee, the court erred in sustaining the exceptions and demurrer. If there was no consideration for the note, that fact is a good defense, and upon that question it is immaterial what occurred afterwards between George Strong and John W. Hart. The former transaction between the parties had been completed, and each held the title to his respective piece of property. The title to one piece of property was in Mary E. Hart, wife of John W. Hart, and he had an inchoate right of dower in it. He seems to have managed the business, and it does not appear that she would have agreed to deed the property back without the execution of the note and trust deed. Mary E. Hart, and her husband, John W. Hart, or either of them, might lawfully refuse to make a re-conveyance, and they did refuse to do so except upon the agreement that the note and trust deed should be executed. It does not appear what the values of the respective pieces of real estate were, but whatever they were, John W. Hart could not be called upon to join in the conveyance and release his right except upon such terms as he saw fit to accede to. If it were an original transaction no one would think of asserting a want of

consideration, and the fact that the parties had traded before on a different basis does not change the nature of things. The conveyance was a valuable consideration for the note and trust deed.

It is next claimed that the note and trust deed were obtained by duress. There was no threatened personal violence, physical restraint, seizure of goods, or anything which could constitute legal duress. The only fact alleged is, that Hart threatened to commence a foreclosure suit on a trust deed which was due and which he had a perfect right to foreclose. There was no defense to it and no pretense of any.

The next ground of defense set up arises out of what occurred between George Strong and John W. Hart when Hart was sick. The note and trust deed were legal and enforceable in the hands of John W. Hart, and if the facts alleged constitute a defense, it must be under some rule recognized by the law, such as payment, compromise or gift. John W. Hart expressed a desire to set right what he thought an unfair advantage of Strong and declared his intention to forgive the debt. He gave the receipt to Strong, and promised he would get the note and trust deed and deliver them to him. There was no payment, for it was the legal duty of Strong to pay the coupon of $36, which was paid, and such payment was no part of the consideration for the receipt and promise to surrender the $1200 note. The agreement to receive less than was due on the note was a mere *nudum pactum.* (*Titsworth* v. *Hyde*, 54 Ill. 386; *Gross* v. *Weary*, 90 id. 256; *Hayes* v. *Massachusetts Life Ins. Co.* 125 id. 626.) In the latter case it is said (p. 638): "For the rule is well settled that an acceptance by the creditor of a sum less than the amount due, in satisfaction, or an agreement to take a less sum in satisfaction, is, in the first case, a discharge of only so much of the debt, and in the other case the promise is void, as without consideration." The agreement to receive less than the amount due on the note

was made upon the purely moral consideration that John W. Hart, believing himself about to die, thought he ought not to have exacted so large a consideration for the reconveyance. But such an obligation does not form a valid consideration, unless the moral duty were once a legal one. "But the morality of the promise, however certain or however urgent the duty, does not, of itself, suffice for a consideration." (1 Parsons on Contracts, 434.) The claim was not a disputed one. The makers of the note were not insisting that they were not liable and the amount paid was not accepted in compromise. There was no delivery of the note, so that the forgiveness could not become operative as a gift. John W. Hart promised to make the gift, but the promise was without consideration and void as a promise, and he seems to have withdrawn his beneficent intention and transferred the note and trust deed, for a valuable consideration, to his wife. We see no way in which the promise can be enforced. Equity will not refuse its aid to the assignee of the note because of the void executory agreement by the assignor.

The judgment of the Appellate Court is reversed and the decree of the circuit court is affirmed.

*Judgment reversed.*