## James B. Hobbs v. Richard A. Greifenhagen.

1. CONSIDERATION—*Moral Obligations—Limitation of the Doctrine.*— The doctrine that a moral obligation will support a subsequent promise and constitute a legal consideration for such promise is limited to cases where the moral duty was once a legal one.

Assumpsit.—For money paid out, etc. Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed October 10, 1900.

PERCIVAL STEELE, attorney for appellant.

LACKNER, BUTZ & MILLER, attorneys for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court. Appellant sues to recover the amount of the general taxes for the year 1896, upon a piece of real estate sold by him to appellee in November, 1896. Appellant had purchased the property about a month before, and by the terms of purchase his grantor had agreed to pay the said general taxes. At the time of the sale to appellee these taxes had not been paid and appellee took the property subject thereto.

It thus appears that appellant had an agreement with his grantor for payment of the taxes in question by the latter and also that his grantee had taken the property from him subject to the payment of the same taxes. Appellant's grantor did subsequently pay the taxes, apparently without knowledge of appellant. When appellant learned of such payment he informed appellee, Greifenhagen, that by an error, the taxes in question, which said Greifenhagen had assumed, had already been paid, and Greifenhagen was requested to pay the amount to appellant, upon the ground that inasmuch as the taxes had been paid for him and the property relieved from the liability which he had assumed therefor at the time of the purchase, an obligation rested upon him to refund the amount so paid to appellant. It

seems to be conceded that appellee, Greifenhagen, promised to pay said amount, and repeated the promise on several occasions. Payment not having been made, appellant brings suit upon said promise.

It is claimed on behalf of appellant that appellee, Greifenhagen, was under a moral obligation to refund to appellant the amount of the taxes, which had thus been paid for his benefit, and that said alleged moral obligation constitutes a legal consideration for appellee's subsequent promise to pay, entitling appellant to recover upon said promise.

Appellant's counsel has presented a full and comprehensive brief upon the sufficiency of a moral obligation to support a subsequent expressed promise. He concedes, however, that there is apparently irreconcilable conflict in cases bearing upon the subject, but contends that under Illinois authorities his client is entitled to recover.

His contention is, that where there is a moral obligation, although said obligation can not be enforced in a court of law or equity, it will nevertheless support a subsequent promise, even though not based upon any antecedent, legal or equitable obligation. We do not deem it necessary to enter into any lengthy consideration of the authorities upon this question. The latest case in this State appears to be Hart v. Strong, 183 Ill. 349. The court uses the following language (p. 356):

"The agreement to receive less than the amount due on the note, was made upon the purely moral consideration that John W. Hart, believing himself about to die, thought he ought not to have exacted so large a consideration for the reconveyance. But such an obligation does not form a valid consideration, unless the moral duty were once a legal one. 'But the morality of the promise, however certain or however urgent the duty, does not of itself suffice for a consideration.' (Parsons on Contracts, 434.)"

It is true that our Supreme Court has previously expressed a different view. In Spear v. Griffith, 86 Ill. 552, by a mistake the appellee had received from his father a deed for land, less by several acres in amount than it had been intended to convey. The court says:

"Whether out of this arose a legal obligation upon the father to pay for the deficit, it is not necessary here to inquire. A moral obligation was beyond all doubt thus created. This moral obligation the vendor recognized in his life, and in consideration thereof promised appellee to make to him compensation out of his personal estate. The promise created a legal obligation, which appellee is entitled to enforce against the executor, heirs or devisees."

In the more recent case, Lawrence v. Oglesby, 178 Ill. 122, the father of the appellant had made a will, in which the latter was made beneficiary. The father had agreed to pay his daughter, also a beneficiary, $1,500, not mentioned in the will. Before doing so, he was severely injured; but previous to death exacted a promise from his son, the appellant, that the latter would pay his sister the said $1,500. The court (p. 128) says:

"He (the father) recognized a moral obligation as existing in consequence of his promise to his daughter. 'When a man is under a moral obligation which no court of equity can enforce, and promises, the honesty and rectitude of the thing is a consideration.' (Hawk v. Saunders, Cowp. 290.) Recognizing that obligation, and exacting a promise from his son to carry out that promise, the promise of the son has for its consideration the honesty and rectitude of the duty of compliance. Promises of this character have frequently been recognized as enforceable and as founded on a sufficient consideration." Citing a number of authorities.

The real basis for the latter decision, holding the son to his promise made to the father to pay the sister the $1,500, appears, however, to be that the will was merely ambulatory, and could and probably would have been changed by the father before his death, except for the son's promise; and hence the father's allowing the will, with the provisions for the son's benefit, to remain unchanged, was a sufficient consideration for the latter's promise. See also Carson v. Clark, 1 Scammon, 113.

It is clear, however, whatever view may have been previously entertained, that the latest expression of the Supreme Court limits the doctrine that a moral obligation will support a subsequent promise, and constitute a legal consideration for such promise, to cases where the moral

duty was once a legal one.   In the present case it is not claimed that any legal obligation ever existed on the part of Greifenhagen to pay appellant the amount of the taxes in question.   The arrangement between them relieved appellant from the duty of making such payment, but Greifenhagen was under no legal obligation to pay, except for his own protection as owner of the land.   The alleged moral obligation could only arise from the fact that the payment of the taxes by appellant's grantee deprived appellant of money which otherwise might perhaps have inured to his benefit, and gave appellee the benefit of so much money to which he was not entitled.

There having been no legal duty on the part of appellee, his promise to pay appellant the amount of the taxes was without consideration, and the judgment of the Circuit Court must therefore be affirmed.