JOHN H. SCHWERDT, Appellee, *vs.* JOHN C. SCHWERDT, Appellant.

*Opinion filed June 18, 1908—Rehearing denied October 8, 1908.*

1. CONTRACTS—*when contract for support of parent is without consideration.* An agreement between father and son that the son should take out an insurance policy on the life of his mother and apply the proceeds toward the support of the father if the latter survived the mother, does not vest in the son an insurable interest in his mother's life nor deprive the father of his insurable interest, and affords no consideration for an undertaking by the son to contribute to his father's support, even though the son took out the policy and collected the proceeds.

2. SAME—*when statutory liability of son to support parent is not a consideration.* The statutory liability of a son to support an indigent parent cannot be relied upon as affording consideration for an agreement by the son to contribute to the father's support, where it affirmatively appears from the declaration in the father's suit upon the agreement that such was not the consideration for the undertaking, and where it does not appear from the declaration that the father was a poor person or pauper when the agreement was made

3. SAME—*moral obligation is insufficient unless it was at one time a legal duty.* The only moral obligation which will afford consideration for a promise is one which has at some time been a legal duty.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Lake county; the Hon. A. H. FROST, Judge, presiding.

This is an appeal by John C. Schwerdt from a judgment of the Appellate Court for the Second District affirming a judgment for costs recovered by John H. Schwerdt, appellee, against appellant, in the circuit court of Lake county, and affirming an order of that court sustaining a general demurrer filed by appellee to appellant's declaration. The amount involved in this controversy is less than $1000, and appellant has been granted a certificate of importance by the Appellate Court.

The declaration alleges that on April 4, 1892, at the city of Chicago, Illinois, appellee, for a valuable consideration, executed and delivered to appellant, in lieu of a former agreement dated November 18, 1889, of similar import, the following promises in writing, which appellant then and there accepted and is still the owner and holder thereof. Said agreement in writing is as follows, to-wit:

"It is hereby agreed between J. C. Schwerdt and John H. Schwerdt that this agreement is to take the place of other agreements heretofore made. It is agreed by and between the above parties that the said John H. Schwerdt shall pay to the said J. C. Schwerdt, father of said John H. Schwerdt, one dollar and fifty cents ($1.50) per week as his share towards his father's support. It is further agreed that the said John H. Schwerdt shall pay all doctor's bills which may be incurred by the said J. C. Schwerdt in case the latter should need medical services. It is further agreed that the said John H. Schwerdt shall pay all the necessary funeral expenses of the said J. C. Schwerdt. It is further agreed that the said John H. Schwerdt shall pay, on the day and date of this agreement, fifty-eight dollars ($58) and fifty cents, that amount being one dollar and fifty cents per week for nine months past.

"Dated Chicago, April 4, 1892.      JOHN H. SCHWERDT."

The declaration further alleges that appellee did fully comply with said agreement as to payments until July 13,

1900, since which time he has wholly failed and neglected to comply therewith, though often requested to do so by appellant; that by reason of the said default of appellee in meeting the terms of said agreement there is due and owing thereon to appellant payments at $1.50 per week from July 13, 1900, medical attendance and medicine and necessaries of the reasonable value of $765 in the aggregate, which appellant was compelled to incur by reason of the total neglect of appellee to comply with his said agreement. The declaration then continues: "Plaintiff avers that he is the father of said defendant and is of great age, to-wit, about eighty-five years, is in feeble health and utterly destitute of all property except said agreement for support with his said son; that by reason of the failure of said defendant to comply with said agreement plaintiff has been cared for and provided for by the kindness and generosity of his grandson, Henry Detleff, of Chicago, Illinois, and is now so cared for by said Detleff and his wife. Plaintiff alleges that the consideration for said agreement and the prior agreement herein referred to was a mutual agreement between plaintiff and defendant that was entered into about fifteen years prior to this action, that said defendant should take out a policy of life insurance on the life of the wife of plaintiff, and she being also the mother of defendant, in the sum of $5000, which sum, when collected, if plaintiff should survive his said wife, should be used towards the support of plaintiff during the remainder of the life of the plaintiff; that said agreement was carried out by the taking out of said policy of insurance, and that in about one year thereafter the said wife died and the said defendant received the proceeds of the said policy, the exact amount whereof plaintiff is not advised but believes it to have been about $5000, and defendant received and retained for his own use the entire sum of said insurance;" that the said sum of $765 is due to plaintiff and is wholly unpaid, wherefore, etc.

Appellee interposed a general demurrer, which was sustained by the court. Appellant elected to stand by his declaration and prayed an appeal to the Appellate Court for the Second District, with the result above indicated. It is here insisted by appellant that the declaration states a good cause of action.

EDMUND H. SMALLEY, for appellant.

LAUDER, KING & GAGE, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The circuit court and the Appellate Court regarded the declaration herein as obnoxious to a demurrer, for the reason that it appeared upon the face of the pleading that the undertaking of the son was without consideration. The declaration expressly avers that the consideration for the promises of the son was a mutual agreement entered into between father and son about fifteen years prior to the beginning of this action. This agreement provided that the son should take out a policy of life insurance on the life of his mother, the proceeds of the policy, when collected, in case the father survived the mother, to be used towards the support of the father during the remainder of his life, and it was further averred that the agreement in reference to the policy was carried out, and that about one year after its issuance the mother died and the son received the proceeds of that policy and retained the same for his own use. The father and son agree in this action that the son had no insurable interest in the life of the mother. The father contends, however, that as the son had no insurable interest in the life of the mother and that as the father had an insurable interest in her life, the son, by the agreement in reference to the policy, received from the father a valuable insurable interest in the life of the mother, which was a sufficient consideration for the agreement. That agreement between

the father and son vested no insurable interest in the life of the mother in the son, and left in the father all the insurable interest in the life of the mother that he had before the agreement was made. Under these circumstances it is apparent that the agreement between the father and son as to taking the insurance policy conferred no benefit of any character upon the son and did not visit any injury or disadvantage upon the father or fasten any liability upon him. That agreement did not aid or assist the son in securing the policy, and the father did not forego any right possessed by him. That agreement, therefore, afforded no consideration for the undertaking of the son upon which this action was brought. The question of the son's right to the insurance money was one for the son and the insurance company, and did not concern the father. *Johnson* v. *VanEpps,* 110 Ill. 551.

It is then urged that the liability of a son to support an indigent parent, as fixed by section 1 of chapter 107, Hurd's Revised Statutes of 1905, affords a sufficient consideration for the undertaking declared upon. To this there are at least two insuperable objections: First, it affirmatively appears from the declaration that such was not the consideration for this undertaking; and second, it does not appear from the declaration that at the time the undertaking was entered into by the son the father was a poor person or a pauper. For aught that is averred he may at that time have been the owner of a competence.

It is then said that this contract is sufficiently supported by a moral consideration, viz., the agreement in reference to the insurance policy and the receipt by the son of large benefits from that policy. The only moral obligation which affords consideration for a promise is one which has at some time been a legal duty. No such moral obligation here appears.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*