## State Bank of New Boston, Appellant, v. Kate B. Livingston et al., Appellees.

### Gen. No. 5,770.

1. BILLS AND NOTES, § 56*—*failure of consideration.* Notes given by the widow and an heir to release a claim against the estate, which claim was barred against the estate for failure to file the claim within the time allowed for presentation, are without consideration.

2. BILLS AND NOTES, § 332*—*when payment of interest does not bar defense of want of consideration.* Parties giving a note without consideration are not barred of their defense by the payment of interest thereon.

3. BILLS AND NOTES, § 358*—*when plea of want of consideration sufficient.* In an action on a promissory note given to plaintiff by an heir and her husband in lieu of a note which plaintiff held against the estate, special pleas setting up that the latter note was barred as a claim against the estate because not filed as a claim within the time allowed for presentation, that the estate was solvent and that all the assets were inventoried, *held* to show that the note sued on was without consideration; and replications filed thereto alleging that note in suit was given in consideration of plaintiff's claim against the estate, and that the defendants had paid interest thereon, were demurrable.

Appeal from the Circuit Court of Mercer county; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in this court at the April term, 1913. Affirmed. Opinion filed August 2, 1913.

W. J. GRAHAM, for appellant.

CHURCH & CHURCH, for appellees.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

MR. PRESIDING JUSTICE WHITNEY delivered the opinion of the court.

This suit was brought by the State Bank of New Boston against Kate B. Livingston and Frank Livingston to recover on a promissory note dated April 12, 1907, given by Frank Livingston and Kate B. Livingston to the State Bank of New Boston for $711.96, with interest at three per cent. from date until paid, with the privilege of extending the same from year to year for not exceeding ten years.

Appellant filed a declaration counting on the note, to which appellees filed the general issue and a special plea.

Appellant filed two replications to the special plea to which appellees demurred. The demurrers were sustained, appellant elected to stand by its replications, and judgment was entered by the court in favor of the defendants and against the plaintiff on its election to stand by its replications and dismissing the suit at plaintiff's costs and judgment was entered against the plaintiff for costs, from which judgment this appeal is prosecuted.

The judgment is erroneous. The judgment should have been that the plaintiff take nothing by its suit, or that the defendants go hence without day. Though the form of the judgment is erroneous, yet it is a final judgment for costs. Appellees assigned no cross-errors and we cannot, for the reason that the judgment is erroneous in form, reverse it at the instance of appellant. The special plea filed by appellees is in substance as follows:

"Defendants aver that one George W. Bridger, a resident of New Boston, Mercer county, Illinois, prior to June 1, 1905, made, executed and delivered to plaintiff, certain promissory notes, to-wit: One dated September 5, 1904, due on demand, for $3,546.45 with interest at six per cent.; one dated March 2, 1905, due January 1, 1906, for $3,736.60, with interest at five per cent., and one dated March 1, 1905, due on demand,

for $1,000, with interest at six per cent.; that on April 29, 1905, said George W. Bridger died intestate, leaving Josie F. Bridger as his widow, and Kate B. Livingston and Howard Bridger as his only children and heirs at law; the said Kate B. Livingston being intermarried with the defendant, Frank Livingston. That on May 9, 1905, letters of administration were issued out of the County Court of Mercer county, Illinois, to the said Josie F. Bridger and Frank Livingston, as administrators of the estate of George W. Bridger, deceased; that said estate was solvent; that said administrators gave notice to the July term of said court, as by law required to all persons having any claims or demands against the estate of George W. Bridger to appear before said court on the first Monday of July, 1905, for the purpose of having the same adjudged, as provided by law; that all property of said George W. Bridger was inventoried in said estate and that plaintiff filed its aforesaid notes in the nature of claims against the estate, duly sworn to by them, on November 14, 1905, January 16, 1906, and on November 18, 1905, and that on January 17, 1906, judgments were rendered against said estate in favor of the plaintiff for $5,190.90 and $1,403.30 respectively, which in due course of administration were duly paid; that on February 28, 1907, notice of final settlement in said estate was given pursuant to law and on March 22, 1907, said administrators filed their final report of administration, and on said date were duly discharged as having duly administered the said estate.

"And defendants further aver that said administrators during the time allowed by law to file claims against said estate requested plaintiff to file any and all claims it had against the estate of George W. Bridger, deceased, and that plaintiff had personal knowledge through its officers of the death of George W. Bridger, and that said estate was being administered as aforesaid.

"And defendants further aver that subsequent to the time allowed by law for the filing of claims, to-wit: May 9, 1906, and subsequent to the order of discharge of said administrators, said plaintiff claimed and pretended that said George W. Bridger owed them another note of the principal sum of $2,135.88, or thereabouts, which said plaintiff never filed for probate against said estate, and never presented the same to said administrators for payment during the time allowed by law, to probate the same against said estate of George W. Bridger, deceased, or in any manner ever attempted to collect same during the time allowed by law so to do, and never to this day has shown or exhibited said note to these defendants, which pretended note defendants aver became barred and of no force and effect on May 9, 1906, and on April 12, 1907, and prior thereto, was barred and uncollectable against the estate of George W. Bridger, deceased, and was of no force and effect against any other person.

"Defendants further aver that subsequent to March 22, 1907, plaintiff applied to the defendant, Frank Livingston, and requested payment on said pretended note, whereupon in compliance with said request, and for and in respect of the note of said $2,135.88, or thereabouts, so remaining due as claimed by plaintiff against George W. Bridger, and for no other consideration whatever, the defendant Frank Livingston, as principal, and the said Kate B. Livingston as a surety thereon, on April 12, 1907, made, and on April 13, 1907, delivered the note mentioned in the declaration of the plaintiff for and in lieu of said pretended indebtedness aforesaid of George W. Bridger, and the said Josie F. Bridger at the same time did likewise with a note of the same amount, and defendants aver that there never was any consideration for said note so given by them in the declaration mentioned, except as aforesaid.

"And defendants further aver that at the time of

the giving of said note mentioned in the declaration and delivery of same to the plaintiff, they demanded said original note of the plaintiff as given by said George W. Bridger, but that plaintiff refused to give the same to them or any one for them, and still holds said note of George W. Bridger and has never surrendered the same to them or any one of them.

"Defendants further aver that at the time, to-wit, April 12, 1907, there was no person liable for the pretended debt of the said defendant, George W. Bridger, in the sum of $2,135.88 or thereabouts, which plaintiff claimed remained unpaid.

"And defendants further aver that there was no person liable for said pretended debt so remaining due as aforesaid and no person or persons that plaintiff could sue upon the pretended debt or note of the said George W. Bridger, deceased, of April 12, 1907.

"And this the defendants are ready to verify, wherefor they pray judgment that the plaintiff ought not to maintain its aforesaid action thereof against them."

The first replication to the special plea alleged the payment of interest for several years on the note in suit and that the defendants had ratified the giving of the same. We think the demurrer to this replication was properly sustained. Parties who give a note without consideration are not barred from their defense by the payment of interest thereon. The second replication alleged the giving of the note in suit and one other note of like effect and amount by Josie F. Bridger in consideration of the plaintiff releasing any claim it had against the Bridger estate on a note given for $2,135.88 given by Bridger and mentioned in the pleading. This special plea avers facts from which it is clear that no person whatever was liable on the note for $2,135.88 as well as a specific averment to that effect. It clearly appears from the averments of said plea that neither Josie F. Bridger, the widow, or Kate B. Livingston, the daughter of the deceased

Bridger, were ever under any legal obligation to pay said note. The plea alleges that the Bridger estate was solvent; that administration was had thereon; that all its assets were inventoried; and that no claim was presented for said note; and that the time allowed for the presentation of claims had elapsed and administration had been closed and the administrators discharged. There is nothing in the pleadings to show that appellees received any property of the deceased's estate, and in the absence of such an averment there is no showing of any moral obligation on their part to pay said note of $2,135.88. There having been no obligation on the part of the widow and heir to pay the original indebtedness, there was nothing for them to settle or compromise and there was no consideration for the notes given by them respectively. The demurrer was properly sustained as to the second replication. The judgment of the Circuit Court is therefore affirmed.

*Judgment affirmed.*