## Mrs. H. C. Riepe, Appellee, v. Edward H. Schmidt, Appellant.

1. WILLS—*when presumed that will would not have been written.* Where a will is ambulatory, not being executed or witnessed at the time of the writing thereof and the making of a promise by a son to give his sister a certain sum of money, it must be presumed that the will would not have been written if the son had refused a compliance with testator's request.

2. CONTRACTS, § 86*—*when promise by son to father to pay sister certain sum of money based on sufficient consideration.* A sufficient consideration arises for the promise of a son to his father, the testator, to pay his sister a certain sum of money at the time of the writing of an ambulatory will in his favor where such will would not have been written but for such promise.

3. CONTRACTS, § 349*—*when third person may sue on contract for his benefit.* A daughter may sue on a promise made to her father, the testator, by her brother to pay her a sum of money where a sufficient consideration—the writing of an ambulatory will in the son's favor which would not otherwise have been written—forms the basis for the promise.

4. WILLS, § 139*—*what does not constitute variance of terms of will by parol testimony.* Evidence that a son made a promise to his father to pay his sister a certain sum of money at the time of the writing of an ambulatory will devising certain property to the son is not inadmissible as tending to vary the terms of the will.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

5.  CONTRACTS, § 86*—*when agreement to settle with heir un-provided for in will based on sufficient consideration.*  The making of deeds to property to devisees at the time of the final settlement of an estate, joined in by a daughter of testator, who was not mentioned in the will, constitutes a sufficient consideration for an agreement by a devisee to settle with the daughter for a certain ‑ sum.

Appeal from the Circuit Court of Massac county; the Hon. Wil-liam N. Butler, Judge, presiding.  Heard in this court at the Octo-ber term, 1915.  Affirmed.  Opinion filed April 17, 1916.

C. L. V. Mulkey and W. L. Krone, for appellant.

H. A. Evans, for appellee.

Mr. Justice Boggs delivered he opinion of the court.

This is an action of assumpsit brought by appellee against appellant on a promissory note for $650.  To appellee's declaration in assumpsit, appellant filed a plea alleging no consideration.  A jury was waived and trial had before the court and a finding made, and judgment rendered in favor of appellee for $693.87, from which judgment this appeal is prosecuted.

The grounds relied upon by appellant for a rever-sal of said cause are, first, that the court erred in admitting improper evidence on behalf of appellee, and second, that the court erred in finding the issues for appellee and rendering judgment against appel-lant.

The facts material to a determination of the issues raised on this record are in substance as follows: Three years before the execution of the note in ques-tion, John Adams Schmidt, father of appellee and ap-pellant, died testate, seized of two farms, one of 160 acres and another of 120 acres, the latter being his homestead.  Said testator was also possessed at the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

time of his death of certain live stock and farming implements and about $2,500 in money or its equivalent. He left surviving him a widow, Mary Schmidt, a son, Charles J. Schmidt, appellee, his daughter and appellant, his son, who at the time of his father's death was about eighteen years of age. The father died about May 23, 1910. Some three days before his death he made a will, in and by which said will he devised to his son, Charles J. Schmidt, the 160 acre farm and $2,000 in cash and a team; to his son, Edward H. Schmidt, the appellant, he devised said 120 acre farm, together with tools, stock, etc., with the proviso that he should support his mother, Mary Schmidt, during her lifetime, and also bequeathed to appellee $2,000 in cash.

The undisputed evidence discloses that when the will in question was being written the wife and all of the children, including appellant and appellee, were present. Appellee at the request of said testator wrote the will. While the will was being written the testator said to appellant, "Ed you get the home place, 120 acres, and all of the tools and all the stock. You must pay out Clara (referring to appellee) $2,000" and appellant replied, "Yes, sir, that is all right." This statement by the testator to appellant and appellant's reply thereto was testified to by appellee and by Charles Schmidt, the other son, and by Mrs. Schmidt, the wife and by Henry Maess and by Henry Wessel, who were witnesses to the will. In fact, appellant does not attempt to dispute this evidence. His contention being the evidence was not admissible and that to give effect to this agreement between appellant and his father would be to vary the terms of the will by oral testimony.

The evidence was to the effect that some three years after the death of the testator appellant and appellee, their mother, Mrs. Schmidt, and Charles Schmidt, the other son, were at the court house for the purpose of

making final settlement of the estate of the testator; that while there, it was agreed among them that a deed should be made to appellant for the 120 acres willed to him by his father and a deed should be made to Charles Schmidt for the 160 acres willed to. him; that appellee and the mother, Mrs. Schmidt, were to join in these deeds. The evidence was also to the effect that at the time this arrangement was made with reference to the execution of these deeds it was agreed by appellant that on his return home he would settle with appellee for the $2,000 he was to pay to her under his agreement with his father.

The evidence further discloses that the deeds were made and that appellant settled with appellee by paying her $1,350, and by giving her the note in question for $650.

It is contended by appellant that he thought the will of his father directed him to pay the $2,000 to appellee and that he first learned that the will did not so specify sometime after the note of $650 was given. Charles Adkins, who assisted in making final settlement of the estate of the testator and in preparing the deeds in question, testified that at the time, he read the will over in the presence of Mrs. Schmidt, Charles Schmidt, appellant and appellee. Charles Schmidt, the brother of appellant, testified to the same effect. And appellee testified he was present and could have heard it if he wanted to. The only reason this evidence is at all material, however, is for the purpose of showing that appellant at the time of final settlement and when the deeds were made, and when arrangements were made that he should settle up with appellee, knew the contents of the will and made the agreement with appellee with the full understanding of the same.

It is seriously contended by appellant that if appellee is allowed to recover in this case it will have the effect of changing the will of his father, the testator,

and that this cannot be done, and that therefore there was no consideration for the note. We are of the opinion that appellant misapprehended the effect of the request made by his father, and of his promise to his father at the time the will was being drafted. The will being ambulatory, not having been executed or witnessed at that time, it is fair to presume that had appellant refused to promise a compliance with his father's request, that the will would not have been written as it was. If that much be conceded, then it forms a consideration for appellant's promise.

It must be remembered in this case that appellee is suing on a promise made by her father for her benefit, and where a sufficient consideration forms the basis of the promise she can recover thereon in her own name. (*Lawrence v. Oglesby,* 178 Ill. 122; *Bristow v. Lane,* 21 Ill. 194; *Hartford Fire Ins. Co. v. Olcott,* 97 Ill. 439; *Snell v. Ives,* 85 Ill. 279.)

The case of *Lawrence v. Oglesby, supra,* is a case somewhat similar to the case at bar, and the court in passing on the question as to whether or not a promise made by a son to his father that he would pay to his sister $1,500, at page 129, says: "To hold the son could not be required to comply with such promise, as not being based on a sufficient consideration, would be to disregard the fact that the will was merely ambulatory and could be changed by the testator so long as he was of sound and disposing mind, and that he must have known that fact, and would be, in effect, to aid the appellant in the perpetration of a fraud on appellee. * * * It is not a change of testamentary terms by a verbal agreement nor a revocation of a will by spoken words; neither is it an attempt to engraft a parol trust in opposition to the terms of a will. The will remained as it was written. It was not changed because of the promise; neither can it be doubted that had the promise not been made it would not have remained as written. There was here a full and suffi-

cient consideration for the promise. That promise was for the benefit of appellee. Where a contract is entered into by one with another for the benefit of a third person, such third person may bring an action in his own name for a breach thereof. Such is the well recognized rule, and one not an open question in this State.''

There were no propositions of law presented to the trial judge in this case, and therefore the only matters to be determined by this court is with reference to the admission of evidence of the agreement between appellant and his father, and as to whether the finding of the court is against the manifest weight of the evidence.

What we have already said, we think, effectually disposes of both of these propositions. We think, too, without reference to the evidence touching said agreement, the making of the deeds at the time of the final settlement of the estate, in which appellee joined, was a sufficient consideration for the agreement of appellant to settle with her for the $2,000.

Finding no reversible error in the record the judgment of the trial court will be affirmed.

*Affirmed.*