## Samuel Tuscher, Plaintiff in Error, v. Jacob Tuscher, Defendant in Error.

ACCORD AND SATISFACTION, § 3*—*when part payment sufficient to discharge indebtedness.* The payment of $350, "in full of all notes and act to date," after negotiation and agreement to that effect, is sufficient to discharge *in toto* a promissory note for a much larger sum which was barred by the statute of limitations at the time of such settlement.

Error to the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding. Heard in this court at the October term, 1918. Affirmed. Opinion filed April 12, 1919.

BURTON & BURTON, for plaintiff in error.

JOHN J. BRENHOLT, for defendant in error.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

By this writ of error it is sought to review a judgment of the Circuit Court of Madison county rendered May 25, 1918, in favor of Jacob Tuscher, the defendant below, against Samuel Tuscher, the plaintiff, for costs of suit, in an action of assumpsit on a promissory note.

The declaration was based on said note, which was dated March 14, 1894, due 2 years after date, for the sum of $795, with interest at the rate of 6 per cent per annum, signed by the said Jacob Tuscher and payable to the order of said Samuel Tuscher, upon which there was indorsed a payment of $350, on January 12, 1909. There were pleas of nonassumpsit, statute of limitations and that plaintiff had accepted from the defendant divers moneys, amounting to a large sum, to wit, the amount of all sums of money in the declaration mentioned, in full satisfaction and discharge of the sev-

eral promises and of the sums of money claimed in the declaration. There were replications to the second and third pleas and issues were joined on all.

In 1908, more than 12 years after the note became due and between 2 and 3 years after the statute of limitations had become a bar to any action thereunder, the defendant wrote to plaintiff making him a proposition to pay him $350 in full of all he owed him if he would return the note, or, as plaintiff also testified, "In full for all notes and accounts." The letter containing this proposition was said by plaintiff to have been burned by him and therefore the contents are testified to by defendant. In answer thereto, however, plaintiff wrote a letter accepting the proposition, which was preserved by defendant and introduced in evidence. In that letter plaintiff said among other things: "Your terms are hard but I must take them as they are so you will please send the amount as you stated and oblige, Your brother Samuel Tuscher." Shortly after the receipt of this letter defendant sent plaintiff a check on the Citizens National Bank of Alton, Illinois, for said sum of $350, which was duly received by plaintiff and credited on said note. Upon the face of the check appeared the following: "Payment in full of all notes and act to date. L. A. S." The letters L. A. S. were the initials of L. A. Schlafly, vice president of said bank, who testified that his attention was called by defendant to the above statement on the check before it was sent to plaintiff and that he thereupon put his initials on the check. He also testified that in due course the check came back through his bank and was paid. The note in question was never returned to defendant, but no steps appear to have been taken by plaintiff to notify defendant that the debt was not satisfied by said check, or to collect said note until this suit was brought, some 9 years after the check was received by defendant.

Plaintiff in error complains that certain propositions of law submitted by him to the court were re-

fused, but the real question raised is whether or not the facts, concerning which there was little or no dispute, showed there had or had not been a settlement of the debt for which the note was given. It would appear from the proofs as above set forth that both the parties must have understood at the time the payment was made of $350 that such sum was to be received in full settlement of the debt. No other conclusion could reasonably be drawn from the evidence. It is contended, however, by plaintiff in error that an acceptance by a creditor of a sum less than the amount due in satisfaction of the same is a discharge of only so much of the debt (*Hayes v. Massachusetts Mut. Life Ins. Co.*, 125 Ill. 626); that "Where the amount due a creditor is ascertained and not in dispute, the payment by the debtor and acceptance by the creditor of a less sum will not operate as a satisfaction of the demand" (*Snow v. Griesheimer*, 220 Ill. 106); that a receipt in full for a note and interest is not a bar and cannot be considered a payment in full of the debt, and that any agreement to receive less than was due upon the note is a mere *nudum pactum* (*Hart v. Strong*, 183 Ill. 349). The several propositions of law above laid down by plaintiff in error are in the main correct, although they have been so modified in special instances by courts of appeal, and depend so much for their application upon the proof in the particular case, that they do not present cast-iron rules applicable in every instance, and in this case, under the uncontradicted facts, they do not appear to us to apply. At the time the payment of $350 was made by defendant in error, upon the agreement by plaintiff in error that he would receive the same in full payment of the note and would return the note, the same was barred by the statute of limitations. No debt was in law due from defendant in error to plaintiff in error at that time by reason of said note, and the only obligation resting upon defendant in error in that regard was a moral one. Defend-

ant in error, in effect, purchased the outlawed claim from his brother, who received the money sent him in full payment for the same in accordance with his agreement, as shown by his letter above referred to, and in accordance with a statement or condition written on defendant in error's check. The judgment of the court below in favor of defendant in error will therefore be affirmed.

*Affirmed.*