624 P.2d 1022

**In the Matter of the ESTATE of William A. VOIGHT, Deceased.**

**Jack C. KAPSA and Barbara E. Kapsa, Executrix of the Estate of Tom C. Kapsa, Deceased, Claimants-Appellants,**

**v.**

**Jeanne V. BOTSFORD, Personal Representative, Respondent-Appellee.**

**No. 4739.**

Court of Appeals of New Mexico.

Jan. 27, 1981.

Anthony F. Avallone, Las Cruces, for claimants-appellants.

Dutton & Winchester, Ltd., Ruth J. Thomas, Las Cruces, for respondent-appellee.

## OPINION

LOPEZ, Judge.

The district court denied the claims of the Kapsas on two promissory notes presented at the probate of the estate of William A. Voight. The notes for $13,500 each were given by Mr. Voight to his stepsons, Jack (John) C. and Thomas C. Kapsa. Since Thomas C. Kapsa is now deceased, his interest is represented by his wife, who is the executrix of his estate.

The sole issue is whether these promissory notes are enforceable. We agree with the district court that they are not.

Less than four months before he died, Mr. Voight went to Illinois to visit John C. Kapsa. While there, on November 21, 1977, he signed two promissory notes, one for each stepson. The notes were payable on December 31, 1977. One was to be paid in Pennsylvania, the other in Illinois. When Mr. Voight arrived in Chicago, he was in a deteriorated physical condition, was an alcoholic. The promissory notes were prepared by John C. Kapsa's attorney, and Mr. Voight signed them without the advice of any counsel. The district court concluded that the notes were signed without any legal consideration and as the result of undue influence. We concern ourselves only with the evidence going to show lack of legal consideration because that conclusion alone is sufficient to support the judgment.

It is unclear whether the Kapsas contest the court's finding that the notes resulted from a moral obligation. Assuming they do contest the finding, there is substantial evidence to support it. The Kapsas submit that the notes represent money owed them for certain property sales by their mother, Helen K. Voight, decedent's wife. The property had belonged to Thomas and John Kapsa and Helen Voight. Mrs. Voight died on May 14, 1977, six months before Mr. Voight signed the promissory notes. The court found, and the Kapsas do not dispute, that the Voights carefully kept separate their financial matters and separate property. Before the promissory notes were signed, Mr. Voight had no obligation to pay

the Kapsas; only Mrs. Voight had that obligation. After Mrs. Voight's death, the claims could have been made against her estate for any interest in the proceeds of the property sales. Considering that the debt was Mrs. Voight's alone, the court could properly find that Mr. Voight undertook to pay it out of a moral obligation. The court does not err when it makes findings which are supported by substantial evidence. *See, Fierro v. Murphy*, 85 N.M. 179, 510 P.2d 112 (Ct.App.1973).

The issue has become whether a moral obligation constitutes legal consideration. Before reaching this question, we must determine which state's law should govern.

A note is a negotiable instrument, § 55–3–104, N.M.S.A. 1978, and, as such, is governed by the Commercial Code, §§ 55–1–101 to 55–9–507, N.M.S.A. 1978. The Code provides that the parties may choose which state's law will govern, so long as the transaction bears a reasonable relation to the state chosen, and if the parties do not agree on the choice of law, the Code shall apply to transactions bearing an appropriate relation to the state of New Mexico. § 55–1–105, .N.M.S.A. 1978. This section is applicable to transactions of the type before us. *See, id.* As the parties have failed to agree on the choice of law, we cannot use New Mexico law unless the transaction bears an appropriate relation to this state.

██ The notes bear no appropriate relation to this state which would enable us to use New Mexico law to determine their validity. They are signed in Illinois, and one was to be paid there, with the other to be paid in Pennsylvania. There was no evidence that they were negotiated in New Mexico, and the only connection with this state is that Mr. Voight's estate was probated here. The fact that the will is being probated in the forum state is not significant in determining whether or not to use the forum's law to decide the question of the validity of the contractual claims against the estate. *See generally, In re Sik's Estate*, 205 Misc. 715, 129 N.Y.S.2d 134 (1954); Scoles, *Conflict of Laws and Creditor's Rights in Decedents' Estates*, 42 Iowa L.Rev. 341 (1957).

██ The law of Illinois should be used to determine the validity of the notes. The validity of a contract executed in a sister state is determined according to the laws of that state, unless such construction conflicts with some settled policy of the forum state. *Sandoval v. Valdez*, 91 N.M. 705, 580 P.2d 131 (Ct.App.), *cert. denied, sub nom. Farmers Insurance Group v. Sandoval*, 91 N.M. 610, 577 P.2d 1256 (1978). Illinois law governs because the notes were executed there. The result does not conflict with any policy of this state.

Like New Mexico, Illinois has adopted the Uniform Commercial Code. Ill.Rev.Stat., ch. 26 (1979). Under the Code, a person not a holder in due course takes the instrument subject to the defense of failure of consideration. Ill.Rev.Stat., ch. 26, § 3–306 (1979). A person is not a holder in due course unless he takes the instrument for value. Ill.Rev.Stat., ch. 26, § 3–302, (1979); U.C.C. § 3–302, Official Comment 2 (1962). Since the Kapsas did not take the promissory notes from Mr. Voight for value, they are not holders in due course. Ill.Rev.Stat., ch. 26, § 3–408 (1979) provides that, although generally, lack of consideration is a good defense against one who is not a holder in due course, the section does not displace any statute outside the Code under which a promise is enforceable despite lack of consideration. Although the Kapsas do not claim that there is an Illinois statute outside the Code making valid a promissory note executed without consideration, they do assert that under Illinois case law, a moral obligation constitutes consideration. The case they cite for this proposition is *Lawrence v. Oglesby*, 178 Ill. 122, 52 N.E. 945 (1899).

In *Lawrence*, a sister sued her brother for performance of a promise he made to their father. Sometime before he died, the father asked his son to pay the daughter the $1,500 that earlier the father had promised her. The son agreed, and the father left everything to his son in his will, expecting that the son would pay the $1,500 as promised. The court enforced the promise, be-

cause it found that there was consideration. Although in that case a "moral obligation" is mentioned, subsequent decisions have insisted that the decisive factor in *Lawrence* was that the will was ambulatory. *Hobbs v. Greifenhagen*, 91 Ill.App. 400 (1899); *see,* Annot., 17 A.L.R. 1299, 1313 (1922); *see also, Riepe v. Schmidt*, 199 Ill.App. 129 (1916). Had the father believed that the son would not carry out his promise, the father could have changed his will. The consideration for the son's promise was that the will was left as it was. *See, Lawrence.* The facts in the case before us are not analogous, as Mr. Voight received no benefit from any will or otherwise in exchange for his promise to pay the Kapsas.

Other cases cited by the Kapsas, *Malone v. Marks*, 55 Ill.App.3d 846, 13 Ill.Dec. 509, 371 N.E.2d 204 (1977); *First National Bank v. Achilli*, 14 Ill.App.3d 1, 301 N.E.2d 739 (1973); *In re Estate of Ruebush*, 53 Ill. App.2d 54, 202 N.E.2d 344 (1964), are concerned with presumptions and burdens of proof and have no relevancy to the question of whether a moral obligation constitutes consideration. *Harris v. Harris*, 180 Ill. 157, 54 N.E. 180 (1899), also cited by the Kapsas, concerns the extension of time for payment of a debt as constituting consideration for the promise of a third party to undertake the debt. It is not on point, as no extension of time is involved in the case before us.

■■■ Under Illinois law, a person has no legal obligation to assume the debt of his deceased spouse, *State Bank v. Livingston*, 182 Ill.App. 529 (1913), and a moral obligation alone is not valid consideration for a promise to pay. *Gaffney v. Harmon*, 405 Ill. 273, 90 N.E.2d 785 (1950); *Hart v. Strong*, 183 Ill. 349, 55 N.E. 629 (1899); *Hobbs; Plowman v. Indian Refining Co.*, 20 F.Supp. 1 (E.D.Ill.1937). This is consistent with the law in most other states. *See,* Williston on Contracts § 148 (3rd ed. 1957); 11 Am.Jur.2d Bills and Notes § 219 (1963). A moral obligation will support a subsequent promise in Illinois only when the moral duty was once a legal one. *Hart; Hobbs; Schwerdt v. Schwerdt*, 235 Ill. 386, 85 N.E. 613 (1908). As Mr. Voight never

had a legal duty to pay the Kapsas the money his wife owed them, the only consideration for the promissory notes was the moral duty he felt. This is not sufficient to make the notes valid and enforceable in Illinois.

The judgment of the district court is affirmed.

IT IS SO ORDERED.

HERNANDEZ, C.J., and WOOD, J., concur.