ARTHUR LAWRENCE

*v.*

GEORGIA OGLESBY.

*Opinion filed February 17, 1899.*

1. APPEALS AND ERRORS—*error cannot be assigned on opinion of the Appellate Court.* The opinion of the Appellate Court is not a record on which error can be assigned on appeal or writ of error to the Supreme Court.

2. EVIDENCE—*when will and inventory are admissible in action at law on common counts.* In an action at law under the common counts, based on the defendant's promise to pay plaintiff a sum of money in consideration of the fact that a will had been made by the father of both parties in which the defendant was a chief beneficiary, the will and inventory of the estate are admissible in evidence.

3. CONTRACTS—*when promise for benefit of third party is founded on a sufficient consideration.* A promise exacted from a son by a dying father to fulfill the latter's promise to pay a sum of money to a daughter, which promise he recognized as a moral obligation, is based upon sufficient consideration, where it appears the father had made a will, which at the time of the promise was merely ambulatory, wherein the son was made a chief beneficiary.

4. SAME—*when a third party may enforce a promise for her benefit.* A promise exacted from a son by a dying father, in consideration of the fact that he had made such son a chief beneficiary in his will, to pay to a daughter a certain sum of money which the father had promised to expend for her in his lifetime, may be enforced by her in her own name, in an action at law against the brother for money had and received.

5. ACTIONS AND DEFENSES—*what not an attempt to enforce a parol trust against terms of will.* An action at law to enforce a promise by a beneficiary under a will to pay to the plaintiff, another beneficiary, a certain sum of money in consideration of the fact that the will was made but that the testator was about to die without having fulfilled his promise to the plaintiff in the nature of an advancement, is not an attempt to enforce a parol trust in opposition to the terms of the will.

*Lawrence* v. *Oglesby,* 75 Ill. App. 669, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Logan county; the Hon. GEORGE W. HERDMAN, Judge, presiding.

OSCAR ALLEN, for appellant:

This suit is an attempt, under the form of an action in assumpsit, to enforce a parol testamentary trust in opposition to the express terms of a will. Even if the facts alleged in the declaration show defendant to be impliedly a trustee for plaintiff, yet the *cestui que trust* cannot maintain a common law action against him. *Deeks* v. *Strutt,* 5 T. R. (Durn. & East,) 690; *Bartlett* v. *Dimon,* 14 M. & W. 49; *Milcham* v. *Eike,* 3 id. 407; 1 Chitty's Pl. 34; Chitty on Contracts, 281.

If a legatee promises the testator to pay a third party, while he may in certain cases be held a trustee as to part of the legacy, he is liable only in equity, or if held to be liable elsewhere it is only in States where there is no separate equity tribunal. *Barrow* v. *Greenough,* 3 Ves. Jr. 152; 1 Redfield on Wills, 512.

No spoken words are to revoke or annul any will or testament in writing duly executed. Rev. Stat. chap. 148,

sec. 17; *Mann* v. *Executors,* 1 Johns. Ch. 231; *Jackson* v. *Kniffen,* 2 Johns. C. L. 31.

No verbal agreement between the testator and devisee can be held to change any testamentary disposition. *Allmon* v. *Pigg,* 82 Ill. 51.

Where two parties enter into an agreement for the benefit of a third, the two may modify the agreement any time before the third party accepts the benefit. Bishop on Contracts, sec. 1223; *Merrick* v. *Giddings,* 1 Mackey, 394; *Amonet* v. *Montague,* 75 Mo. 43; *Wheat* v. *Rice,* 97 N. Y. 297; *Humphrey* v. *Worth,* 99 Pa. St. 185.

Moral obligation is no consideration, unless there has been a previous legal obligation as a foundation for the promise. Bishop on Contracts, sec. 44; *Eastwood* v.*Kenyon,* 3 P. & D. 276; 2 Kent's Com. p. 465, note *f;* Chitty on Contracts, 49, 50; *Safford* v. *Safford,* 41 Ill. App. 662.

A. L. ANDERSON, and BEACH & HODNETT, for appellee:

Where one enters into a contract with another person for the benefit of a third person, such third person may maintain an action in his or her own name for a breach thereof. *Bristow* v. *Lane,* 21 Ill. 194; *Boals* v. *Nixon,* 26 Ill. App. 517; *Insurance Co.* v. *Olcott,* 97 Ill. 454; *Paper Co.* v. *Seaman,* 29 Ill App. 68.

The suit can be maintained and a recovery had on the common counts. *Eggleston* v. *Buck,* 24 Ill. 262.

The contract appellant made with his father to pay appellee, his sister, the sum of $1500 was founded upon a consideration sufficient in law. *Barrow* v. *Greenough,* 3 Ves. 152; *Drakeford* v. *Wilkes,* 3 Atk. 539; *Bryan* v. *Godfrey,* 4 Ves. 6; *Strickland* v. *Aldridge,* 9 id. 516; *Gaullagher* v. *Gaullagher,* 5 Watts, 200; *Russell* v. *Jacobson,* 10 Hare, 204; *Dutton* v. *Poole,* 1 Ventr. 318; *Knowles* v. *Erwin,* 43 Hun, 150; *Hinds* v. *Holdship,* 2 Watts, 104; *Williamson* v. *Yager,* 91 Ky. 282; *Hawkes* v. *Saunders,* Cowp. 290.

The refusal of appellant to carry out his contract made with his father for the benefit of appellee was a fraud

that the courts will not sanction.  *Gilpatrick* v. *Glidden*, 81 Me. 137; *Drakeford* v. *Wilkes*, 3 Atk. 369; *McCormick* v. *Grogan*, L. R. 4 H. L. 82; *Russell* v. *Jackson*, 10 Hare, 204.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

Appellant, a brother of appellee, was, with the latter, a legatee under the will of Alexander Lawrence, who had by his will devised to appellant property of the value of about $25,000, subject to a charge in favor of another brother, amounting to about $3500.  By the will a life estate in land of about the value of $7000 was devised to appellee, with remainder to her children who attained the age of twenty-one.  In his lifetime Alexander Lawrence promised his daughter, the appellee, to build on the land so devised to her a house of the value of $1500.  On or about June 29, 1896, Alexander Lawrence received a serious injury, which caused his death about five weeks thereafter.  Within two hours after receiving the injury he asked to be left alone with Mrs. Turner, his sister-in-law, and the appellant.  Mrs. Turner testifies: "He asked all to go away except Arthur and myself.  He said to me, 'I want you to hear what I am going to say;' then, 'I have made my will;' then to Arthur, 'I want you to pay Georgia $1500 not mentioned in my will.'  He asked Arthur if he heard that.  He bowed his head and said he did.  He says, 'You hear that Frank?'  I said, 'Yes; sir.'  He said to Arthur again, 'You will do that, Arthur?' and Arthur said that he would.  This was an hour or two after the injury.  My given name is Frances.  I am called Frank in the family."  A part of this conversation was overheard by the appellee.

The appellant admits the conversation was had as testified to by Mrs. Turner, but claims that subsequently to that time,—about two or three weeks afterwards,— he had another conversation with his father, which he details, and which, as shown by the abstract, was as fol-

lows: "Now, you may state, Mr. Lawrence, what was said in that conversation." To this question plaintiff objected; the court overruled the objection and plaintiff excepted, and the witness answered: "My best recollection is that father broached the subject in regard to this $1500, and I asked him; I says: 'As I haven't the money,' I says, 'do I have to mortgage the land or do I have to borrow the money to pay this?' He says, 'No, sir,' he says, 'as you get the money off of the farm you pay it to them.' I says, 'I will.' My sister came in there when I told my father that I would, and I told her in just a little bit afterwards what it was that I had agreed to do. I agreed to pay the $1500. I don't know that my father said anything more, only just what I have told. I have not at any time since coming into possession of those lands under my father's will been able to raise the $1500 for my sister without encumbering the property."

The appellee brought an action at law to recover the $1500, and filed a declaration containing the common counts and a special count. The plaintiff recovered in the trial court, and on appeal to the Appellate Court for the Third District that judgment was affirmed. No propositions were asked or held on the trial. By the assignment of errors on the record of the court it is claimed error was committed in admitting improper evidence and in excluding proper evidence, and in the finding and judgment for the plaintiff. No other questions were presented by the assignments of error on that record.

On this appeal from the Appellate Court the appellant assigns as error that the Appellate Court erred (1) in affirming the judgment of the circuit court; (2) in not holding that the count of the declaration relied upon shows no cause of action cognizable at common law; (3) in holding that a consideration was shown for the alleged promise; (4) in adopting in its opinion rules to govern its decision which, however applicable in equity, are not applicable at common law; (5) in holding the statement of

facts in the opinion on which it bases its decision shows
a legal cause of action; (6) in holding that any consider-
ation is shown by the evidence for the alleged promise;
(7) in holding as unworthy of belief witnesses against
whom there is no impeaching evidence; (8) that the court
erred in assuming as the ground of its opinion that cer-
tain things were evident to the circuit court which the
record shows were not before the circuit court at all,
thus assuming original instead of appellate jurisdiction;
(9) that the court erred in declining to pass upon legal
questions submitted to it for its decision; (10) that the
court erred in assuming questions of fact as a reason for
not passing upon legal questions submitted for decision;
(11) that the court erred in not holding that improper
evidence was admitted for plaintiff in the circuit court.

The opinion of the Appellate Court is not a record on
which errors can be assigned on writ of error or appeal
to this court, as has been frequently held, and this dis-
poses of the fourth, fifth, seventh, eighth and tenth as-
signments of error.

No propositions of law having been presented, the
finding of the trial and Appellate Court is conclusive on
this court on the facts, and for this cause the third and
sixth assignments cannot be considered.

The only objection to the admission of evidence urged
in the brief of appellant was in admitting the will and
inventory of the estate of Alexander Lawrence.    The
basis of the appellee's claim was by reason of a promise
made by the appellant because of the fact that a will
had been made under which appellant was a beneficiary,
and no conclusion can be had other than the request
made by Alexander Lawrence and the promise of appel-
lant were because of that fact alone.    It would be fatuous
to attempt to assign any other reason for either the re-
quest or promise.  By the affirmance of the judgment the
Appellate Court necessarily held improper evidence was
not admitted.    In that view we concur.    The will and in-

ventory were clearly competent evidence. This disposes of the ninth and eleventh assignments of error.

The first and second assignments of error can be considered together. Appellant insists that no consideration existed for the promise, and that the same is a nullity, as attempting to enforce a parol trust in opposition to the terms of a will; that no spoken words can revoke or annul a will or a verbal agreement change any testamentary terms; that there is no remedy by an action at law, even conceding the facts, but that resort must be had to a court of equity. The evidence is clear the father stated he had made a will, and desired his son, the appellant, to pay appellee $1500. Prior to the time of his injury he had promised appellee he would expend that amount for her benefit. He recognized that compliance with this promise was a duty and an obligation on his part. In the shadow of death he remembered it and desired his promise should be carried out. His will was merely ambulatory, and could be changed by him. He knew he had a right to do this and the son knew it. With this knowledge he retained his sister-in-law and the son near him, and said: "I have made a will. I want you, Arthur, to pay Georgia $1500. Will you do it?" He recognized a moral obligation as existing in consequence of his promise to his daughter. "When a man is under a moral obligation which no court of equity can enforce, and promises, the honesty and rectitude of the thing is a consideration." (*Hawks* v. *Saunders*, Cowp. 290.) Recognizing that obligation, and exacting a promise from his son to carry out that promise, the promise of the son has for its consideration the honesty and rectitude of the duty of compliance. Promises of this character have frequently been recognized as enforceable and as founded on a sufficient consideration. *Drakeford* v. *Wilks*, 3 Atk. 539; *Barrow* v. *Greenough*, 3 Ves. 152; *Bryan* v. *Godfrey*, 4 id. 6; *Strickland* v. *Aldridge*, 9 id. 516; *Russell* v. *Jacobson*, 10 Hare, 204; *Dutton* v. *Poole*, 1 Ventr. 318; *Williamson* v.

*Yager,* 91 Ky. 282; *Knowles* v. *Erwin,* 43 Hun, 150; *Hinds* v. *Holdship,* 2 Watts, 104; *Hawkes* v. *Saunders, supra.*

To hold the son could not be required to comply with such promise, as not being based on a sufficient consideration, would be to disregard the fact that the will was merely ambulatory and could be changed by the testator so long as he was of sound and disposing mind, and that he must have known that fact, and would be, in effect, to aid the appellant in the perpetration of a fraud on appellee. *Gilpatrick* v. *Glidden,* 81 Me. 137; *Drakeford* v. *Wilks, supra; Russell* v. *Jacobson, supra.*

It is not a change of testamentary terms by a verbal agreement nor a revocation of a will by spoken words; neither is it an attempt to engraft a parol trust in opposition to the terms of a will.  The will remained as it was written. It was not changed because of the promise; neither can it be doubted that had the promise not been made it would not have remained as written. There was here a full and sufficient consideration for the promise. That promise was for the benefit of appellee.  Where a contract is entered into by one with another for the benefit of a third person, such third person may maintain an action in his own name for a breach thereof.  Such is the well recognized rule, and one not an open question in this State.  (*Bristow* v. *Lane,* 21 Ill. 194; *Hartford Fire Ins. Co.* v. *Olcott,* 97 id. 439; *Eddy* v. *Roberts,* 17 id. 505; *Snell* v. *Ives,* 85 id. 279; *Beasley* v. *Webster,* 64 id. 458.)  In the enforcement of such right on such a promise resort may be had to a court of law.   It is not necessary to resort to chancery.· The common count for money had and received for the use of another is an equitable form of common law pleading, and of itself is sufficient on which to authorize the admission of this evidence and sustain a recovery. *Eggleston* v. *Buck,* 24 Ill. 262.

The judgment of the Appellate Court for the Third District is affirmed.          *Judgment affirmed.*