## Thomas. W. Rodhouse v. Chicago & Alton Railway Company.

1. CONTRACT—*when third party cannot maintain action for breach of.* A person not a party to a contract cannot maintain an action for the breach thereof upon the ground that the same was made for his benefit, unless such fact either appears from the face of the contract or by extraneous proof in aid thereof.

Action of assumpsit. Error to the Circuit Court of Pike County; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the May term, 1905. Affirmed. Opinion filed October 9, 1905.

HAMILTON & HAMILTON and WILLIAM MUMFORD, for plaintiff in error.

WINSTON, PAYNE & STRAWN, for defendant in error; WILLIAM H. CROW and EDWIN JOHNSTON, of counsel.

MR. JUSTICE BAUME delivered the opinion of the court.

Plaintiff in error filed his amended declaration in assumpsit, alleging that on November 12, 1903, and for many years prior thereto, the Board of Sny Island Levee Drainage District Commissioners, a corporation organized under the laws of this State, were engaged in the construction, repair and maintenance of a levee along and near the shore of the Mississippi river, extending through the counties of Adams, Pike and Calhoun, for the purpose of protecting the lands lying within said district from damage caused by the waters of said Mississippi river flowing over and upon said lands; that on or about June 7, 1903, the waters from said river broke through, washed away and destroyed a portion of said Sny Island Levee, east of Quincy Junction in said county of Pike, upon the top of which said levee, the defendant, the Chicago & Alton Railway Company, had constructed its railroad track, and over which it was then and there, and had been for many years prior thereto, running and operating its railroad trains; that thereafter, to-wit, on or about November 12, 1903, for the purpose of protecting the said Thomas W. Rodhouse, plaintiff, and the

other owners and occupants of lands in said Sny Island Levee Drainage District, from damage by overflow of water from said Mississippi river, and for the benefit of the plaintiff, and the said owners and occupants of lands in said drainage district, the said defendant entered into a contract with the Board of Sny Island Levee Drainage District Commissioners, as follows, to-wit:

" This contract, made and entered into this 12th day of November, 1903, by and between the Chicago & Alton Railway Company, party of the first part, and the Board of Sny Island Levee Drainage District Commissioners, party of the second part:

WITNESSETH: that the party of the first part hereby contracts and agrees, in consideration of the sum of twenty-five thousand dollars ($25,000.00), to be paid by the party of the second part to the party of the first part, that it will, without further expense to the Commissioners, fill in the embankment of its main track east of Quincy Junction, and, if possible, complete the same in the year 1903, to the level of the tracks as they now exist, and if possible, on or before the 1st day of June, 1904, to raise its main line and its river line so as to make the top of the first party's embankment level with the top of the Sny Levee as it now exists. And the said party of the first part will endeavor to make an arrangement with the Chicago, Burlington & Quincy Railroad Company, by which the embankment of the said Chicago, Burlington & Quincy Railroad Company from the end of the Chicago & Alton river track north, to the existing levee of the party of the second part, shall be raised to the same elevation on or before June 1st, 1904.

And the party of the first part also agrees at its own expense to strengthen its road bed, when necessary to serve the purpose of this agreement, and all the work shall be done subject to the approval of the Board of Sny Island Levee Drainage District Commissioners.

It is further agreed between the parties, that this work shall be done under the supervision of the party of the second part, and the Chicago & Alton Railway Company will assume no responsibility whatever, for the maintenance of its embankment as a levee, the purpose of this contract being that the Railroad Company simply undertakes to bring its embankment to the height and strength above mentioned, that it may, in such condition, be used by the Board of Sny Island Levee Drainage District Commission-

ers as and for a levee embankment, but the Railway Company makes no undertaking that the same shall be sufficient, or that it will be strong enough or high enough to exclude water from the territory of the Board of Sny Island Levee Drainage District Commissioners, it being expressly understood that the Chicago & Alton Railway Company has no legal power to undertake to prepare a levee for the said Commissioners, and it is not its intention to assume any responsibility in that direction.

It is further contracted and agreed between the parties that the Board of Sny Island Levee Drainage District Commissioners shall have the privilege of policing the embankment so constructed by the party of the first part within the territory above referred to, and in case of high water or emergency or danger from the river, the said Commissioners are authorized to enter upon the right-of-way and embankment of the Chicago & Alton Railway Company, and under the direction of the engineer of said Railway Company, do such work as in their judgment may be necessary to make said embankment secure against such high water.

The party of the first part further agrees to strengthen the break in its embankment immediately east of Pike Station, and it also agrees that the width of the embankment after the track is raised, is to be its standard width on top, namely, eighteen (18) feet, and is to be constructed with slopes sufficient to make a suitable embankment.

And it is further agreed between the parties hereto that the said Board of Sny Island Levee Drainage District Commissioners will pay The Chicago & Alton Railway Company for the work aforesaid the sum of twenty-five thousand dollars ($25,000.00) and will pay the first party on or before the 15th day of each and every month, such proportion of said sum of twenty-five thousand dollars ($25,000.00) as the total amount of the work done under this agreement by said first party in the previous month bears to the total amount of all work provided herein to be done by the first party until the whole of said sum of twenty-five thousand dollars ($25,000.00) is fully paid."

The declaration further alleges that said contract was duly presented to and approved by the County Court of said county of Pike, wherein the greater part of said Sny Island Levee Drainage District lies; that the defendant and its president and officers at the time of entering into

said contract as aforesaid, well knew that the purpose of said contract as to the repair of said break in said Sny Island levee was for the purpose of protecting said Thomas W. Rodhouse, plaintiff, and other owners and occupants of lands in said drainage district from damage by reason of overflow water from said Mississippi river; that the said Thomas W. Rodhouse, plaintiff, is the owner and occupant of the following described lands, and has been such owner and occupant continuously since the date of the making of said contract above set out, to-wit: The northeast quarter of section 24, in township number seven (7) south, range number four west, in Pike county, Illinois, and that said lands are within the limits of said Sny Island Levee Drainage District; that said lands during the years 1903 and 1904 were in cultivation and used for general farm crops; that it was possible for the defendant to have complied with its said contract, and to have completed said embankment, and to have repaired said levee in the year 1903, as agreed by it in said contract as aforesaid; that if the defendant had filled in the embankment of its main track east of Quincy Junction, and completed the same in the year 1903, to the level of its main track as it existed at the date of said contract, no overflow water from the Mississippi river would have flowed through said break in said levee in May, 1904, and no damage would have accrued to the plaintiff by reason of such overflow, and that the Board of Sny Island Levee Drainage District Commissioners, parties of the second part in said contract, were at all times after making of said contract, ready, willing and anxious to do and perform any and all acts and things enjoined and required to be done and performed by them under and by the terms and provisions of said contract, during said year 1903, and then and there notified the defendant to perform the said contract upon its part, as therein enjoined and required; that said defendant failed, refused and neglected to comply with its said contract to fill in said embankment, and that by reason of said failure, refusal and neglect of the said defendant to fill in its main track east of Quincy Junction, and to

complete the same, or any part thereof, in the year 1903, to the level of the track as it existed at the date of said contract, and to complete the said embankment and repairs of said levee according to its said contract, as aforesaid, contracted to be made in 1903, or any part thereof, on or about May 5, 1904, the overflow waters from said Mississippi river flowed through said break in said Sny Island Levee and overflowed said lands of the plaintiff in said Sny Island Levee District, and destroyed his crops thereon, of great value, to-wit, to the value of $1,500; and also did great damage to plaintiff's said lands and improvements thereon, to-wit, to the amount of $1,000.

To this declaration defendant in error interposed a general demurrer, which was sustained by the court, and plaintiff in error electing to abide by his declaration, judgment was rendered against him in bar of the action and for costs.

Plaintiff in error predicates his right of action in this case, generally, upon an application of the recognized rule that a third party for whose benefit a contract is made may maintain an action in his own name for a breach thereof. Lawrence v. Oglesby, 178 Ill. 122; Webster v. Fleming, 178 Ill. 140. And upon the authority of Gage v. Springer, 211 Ill. 205, it is claimed that plaintiff in error has such a direct, beneficial interest in the performance of the contract alleged, as will authorize a recovery for damages accruing to him by its breach. The suit is an implied assumpsit upon the contract and we must look to the terms of the contract to determine whether it creates such a privity of relation between the plaintiff in error and defendant in error as will authorize a suit by the former against the latter to recover damages for its breach. There is nothing in the contract which either directly or by necessary inference identifies plaintiff in error as a party to be benefited by it. But if the direct beneficial interest of plaintiff in error could properly be established extraneously of the contract by appropriate averments in the declaration, such averments are wanting in the declaration here involved.

The averment that the contract was entered into for the purpose of protecting plaintiff in error and the other owners and occupants of lands in the district by damage from overflow, and for the benefit of plaintiff in error and the owners and occupants of lands in said district, does not invest plaintiff in error with a special beneficial interest in the performance of the contract, or establish that defendant in error owed a duty to plaintiff in error other than that owing to all the owners of lands in the district. It was said in Gage v. Springer, *supra:* "No private action will lie for damages of the same kind as those sustained by the general public, although the plaintiff may be damaged in a much greater degree than any other person."

It is, however, contended by plaintiff in error that he brings himself within the class to whom defendant in error owed a special duty, under the holding in Gage v. Springer, *supra*, because the cost of the repair and maintenance of the levee is necessarily contributed by the owners of lands in the district, according to the benefits accruing to each tract of land therein. The declaration contains the allegation that plaintiff in error is the owner of certain described lands, and that said lands are within the limits of Sny Island Levee Drainage District, but it is not alleged that said lands have been or will be assessed for any benefits on account of the work to be performed by defendant in error under the contract declared on, or that plaintiff in error has been or will be called upon to pay any part of the contract price of $25,000 for benefits accruing to his lands by the performance of the contract. Under the provisions of the Drainage Act, it may, or may not, be ascertained and determined that the lands alleged in the declaration to belong to plaintiff in error and to lie within the district will be benefited by the work contemplated in the contract. If it has not been ascertained and determined that said lands will be benefited by the construction, repair and maintenance of the levee mentioned in the contract, plaintiff in error has no such special interest in its performance as will authorize a suit by him to recover damages for its breach.

For lack of privity of contract between the parties, and because it does not appear that defendant in error owed to plaintiff in error any special duty to perform the contract here involved, the demurrer to the declaration was properly sustained, and the judgment is affirmed.

*Affirmed.*