THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, *vs.* P. P. SCHAEFER, Exr., Appellee.

*Opinion filed December 16, 1914—Rehearing denied Feb. 4, 1915.*

1. WILLS—*when a legatee receives property impressed with a trust.* A legatee who receives personal property by will under his assurance that he will transfer it to or hold it for the use and benefit of another, takes it impressed with a trust, not merely by reason of his oral promise but because the bequest was induced thereby.

2. SAME—*when a trust in personal property may be proved by parol evidence.* If at the time of making his will the testator has formed the intention that a legacy thereby given shall be disposed of in a particular manner not disclosed by the will but assented to by the legatee at or before, or possibly subsequent, to the making of the will, a court of equity will allow such trust to be proved by the admissions of the legatee or other parol evidence; and such action does not amount to changing the will by verbal agreement or revoking it by spoken words.

3. INHERITANCE TAX—*only beneficial interest is taxable.* An inheritance tax is not a tax upon the property itself but upon the right to succeed to the property, and only the beneficial interest passing from the decedent to the heir or legatee and vesting at the time of the death is taxable.

4. SAME—*what constitutes a beneficial interest.* A beneficial interest in an estate is such an interest as a devisee or legatee takes solely for his own use and benefit and not merely as the holder of the title for the use of another.

5. SAME—*equitable principles may be invoked to determine the question of beneficial interest.* While proceedings to collect inheritance taxes are statutory, yet equitable principles may be invoked in deciding the question as to what persons have received the beneficial interests which are taxable.

6. SAME—*when legatee is not liable for inheritance tax.* The legatee of the testator's entire personal estate is not liable for an

inheritance tax, even though the will gives him the title without mentioning any conditions, where the gift was made upon the understanding that the legatee would hold the legal title, only, and would distribute the property among various persons and institutions in accordance with a memorandum prepared by the testator; and the existence of such trust may be proved by parol evidence in a proceeding to collect the inheritance tax.

7. SAME—*when the question of inheritance tax is not affected by time of making declaration of trust.* If the legatee of personal property receives the same upon the understanding between him and the testator that he will hold the title in trust, the trust attaches at the moment of the testator's death; and the question of the inheritance tax is not affected by the fact that the legatee did not execute any declaration of trust until long after testator's death.

8. SAME—*when the appellee cannot question rulings by cross-errors.* A judgment for inheritance taxes is a separate judgment as to each item of the tax, and upon appeal by the People with reference to one item the appellee cannot, by cross-error, question the rulings of the court as to other distinct and independent items.

APPEAL from the County Court of Champaign county; the Hon. W. G. SPURGIN, Judge, presiding.

P. J. LUCEY, Attorney General, and LESTER H. STRAWN, (ISAAC B. CRAIG, FRED A. KINZEL, and CHARLES H. FLETCHER, of counsel,) for appellant.

GREEN & PALMER, (ORIS BARTH, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal on behalf of the People from the judgment and order of the county court of Champaign county fixing an inheritance tax in the estates of Anthony J. Wagner and James A. Wagner, both deceased. Anthony J. Wagner by his will devised and bequeathed to his brother, James A. Wagner, all of his property. The brother, James A. Wagner, died shortly thereafter and by his will left all of the property bequeathed to him by his brother, A. J. Wagner, deceased, to Peter P. Schaefer, appellee herein. The county court held that James A. Wag-

ner and Peter P. Schaefer took only his legal title to the property in question and not the beneficial interest, and that therefore, under the statute, such interest was not taxable. The only question raised by the State on this appeal is whether this ruling of the county court was correct.

Anthony J. Wagner, a Catholic priest of Champaign, Illinois, died testate October 28, 1913. He was possessed of personal property amounting to about $23,000 and no real estate. He left a will dated July 19, 1911, which, omitting the formal parts, reads as follows:

"I give, devise and bequeath all my real, personal and mixed property possessed by me at my death, in fee simple, to my brother, James A. Wagner, of Champaign, Champaign county, Illinois, and hereby appoint him and P. P. Schaefer, of Champaign, county of Champaign, Illinois, executors of this my last will and testament, and I free them from rendering any account whatever to the court after this my will is probated."

The executors of this will found in the same box with it a memorandum in the handwriting of Anthony J. Wagner, but not signed by him and not referred to in any way in the will nor fastened to or made part of it, as follows:

"Bequests as follows:

"$1000 for masses for repose of my soul to be said within one year.

"$500 for masses for my parents and my brothers who are dead.

"$500 for masses forgotten (if any) and for the souls of Purgatory.

"$1000 to Sisters Good Shepherd, Peoria, Ill.

"$1000 to propagation of faith, New York.

"$1000 to Miss Ida Rising for long service at organ, St. Mary's."

The memorandum also contains a bequest of $2000 and eight bequests of $500 each, to various religious associations or to individuals, and then proceeds:

"P. S.—The balance of my estate, from whatever source, to be invested and interest of same (only) to be applied to the support of St. Mary's school as long as it is free to the children belonging to St. Mary's parish."

Here follow certain provisions as to the bequest to the said school, also directions as to disposal of paintings and

chalice and certain information as to how the property was invested.

After the death of Anthony J. Wagner, James A. Wagner had a talk with Peter P. Schaefer with reference to the memorandum found with the will, and told the latter that he had an understanding with his brother and had promised to carry out the latter's wishes and distribute the property of his brother as set out in such separate memorandum. Schaefer had also been told by Anthony J. Wagner of his agreement with his brother as to the payment of these legacies. Anthony J. Wagner's will was probated and the brother began to make distribution according to that memorandum. Schaefer testified that James A. Wagner asked him if he would carry out Anthony J. Wagner's wishes expressed in said private memorandum if he (James A. Wagner) died before he fully carried out such wishes and should leave by will the property in question to Schaefer. The latter testified that he promised James A. Wagner that if the property was so willed to him he would carry out the directions contained in the separate writing, so far as the same had not been completed during the lifetime of James A. Wagner. The latter then had drawn and executed a will dated November 3, 1913, which provided as follows:

"*First*—I give and devise my farm near Tolono to my niece, Mary Wagner, in fee simple.

"*Second*—I give and bequeath my three mortgage loans, which I have not inherited from my brother, Rev. Anthony J. Wagner, to my brother, Peter A. Wagner, of Philadelphia, Pa.

"*Third*—All money on deposit in my name in the banks of Champaign or elsewhere I give and bequeath to my friend, Rev. J. W. Cummings, of Urbana, and I request that he cause five hundred masses to be said within one year after my death for the repose of my soul.

"*Fourth*—I give, devise and bequeath to Peter P. Schaefer, of Champaign, Ill., all the property which I have inherited or which belongs to me under the last will and testament of my brother, Rev. A. J. Wagner, recently deceased.

"*Fifth*—I hereby appoint Peter P. Schaefer, of Champaign, Ill., executor of this will, without bond."

266 – 22

Schaefer is an attorney at law practicing at Champaign and had been the legal adviser for both Anthony J. and James A. Wagner for a number of years before their respective deaths. On November 13, 1913, only sixteen days after the death of his brother Anthony, said James A. Wagner died testate, leaving his property as set forth in said will just quoted.

It was stipulated between the parties that the net value of the property received by James A. Wagner under the will of his brother was $22,500, and the net value of the property received by Peter P. Schaefer under the fourth clause of the will of James A. Wagner was $19,970; that the property left under the first clause of James A. Wagner's will to his niece, Mary Wagner, was worth $30,000; that the legacy left to his brother, Peter A. Wagner, was $10,800; that the value of the property which went to Rev. J. W. Cummings was $4230 and to Ida Rising $1100. On a hearing before the county court an order was entered finding that the $30,000 left to Mary Wagner, less $2000 exemption, should be taxed $1120; that the legacy left to the brother, Peter A. Wagner, was exempt; that the amount left to Rev. J. W. Cummings was subject to an inheritance tax of $126.90, that the amount left to Ida Rising was subject to a tax of $33, and that the property left by Anthony J. Wagner to James A. Wagner, and thereafter left by James A. Wagner to Peter P. Schaefer, was not subject to any tax.

Counsel for appellant argue that in this State all wills must be entirely in writing, signed by the testator and properly attested; that a part of a will cannot rest in writing and the remainder in parol; that the law does not permit a will to be supplemented or a part to be filled in by parol; (*Keeler* v. *Trust Co.* 253 Ill. 528; *Graves* v. *Rose,* 246 id. 76;) that the ruling of the county court holding that the property left by the will of Anthony J. Wagner to James A. Wagner, and thereafter left by the latter to

Peter P. Schaefer, in effect changed both of these wills by extrinsic evidence.  Counsel for the appellee insist that the ruling of the court does not attempt to vary either of the wills, but simply holds that James A. Wagner under the will of his brother, and Peter P. Schaefer under the will of James A. Wagner, took the property impressed with a trust; that the trust was not a part of the will but "acts upon the gift as it reaches the possession of the grantee, and the foundation for the trust is that equity will then interfere and raise a trust in favor of the persons intended to be benefited, in order to prevent a fraud."  *Ahrens* v. *Jones,* 169 N. Y. 555.

A trust in personal property may be created and proved by parol.  (*Maher* v. *Aldrich,* 205 Ill. 242; 1 Perry on Trusts,—6th ed.—sec. 79, and cases cited in note *a.*) Where a party receives property by conveyance or devise under assurances that he will transfer the property to or hold and appropriate it for the use and benefit of another, a trust for the benefit of such other person is charged upon the property, not merely by reason of the oral promise, but because of the fact that the transfer of the property was induced thereby.  A testator cannot by his will reserve to himself the right to dispose of his property subsequently by another instrument not executed as required by the statute, by parol, but when, at the time of making his will, he has formed the intention that a legacy thereby given shall be disposed of by the legatee in a particular manner not thereby disclosed but communicated to the legatee and assented to by him at or before, or possibly subsequent to, the making of the will, the court will allow such trust to be proved by the admission of the legatee or other parol evidence, and will, if it be legal, give effect to it.  (*Glass* v. *Hulbert,* 102 Mass. 24; *Gilpatrick* v. *Glidden,* 2 L. R. A. 662, and cases cited in note; *Gore* v. *Clarke,* 20 id. 465, and note; Pomeroy's Eq. Jur.—3d ed.—secs. 919, 1054; *Stahl* v. *Stahl,* 214 Ill. 131; *Ward* v. *Conklin,* 232 id. 553.)  Such a rule of

law does not change the will by a verbal agreement or revoke it by spoken words. "Neither is it an attempt to engraft a parol trust in opposition to the terms of a will. The will remained as it was written. It was not changed because of the promise. Neither can it be doubted that had the promise not been made it would not have remained as written." *Lawrence* v. *Oglesby,* 178 Ill. 122.

Counsel for appellant argue that even if this be the law it cannot apply to defeat the inheritance tax in favor of the State, as under these wills the legal title vested in the beneficiaries named therein; that the proceedings to collect inheritance taxes are purely statutory, and that equitable principles cannot be invoked in fixing the tax. An inheritance tax is not a tax upon the property itself but upon the right to succeed to such property. (*Kochersperger* v. *Drake,* 167 Ill. 122; *Magoun* v. *Illinois Trust and Savings Bank,* 170 U. S. 283.) Only the beneficial interest passing from the decedent to the heir or legatee and vesting at the time of the death is taxable. (*People* v. *Nelms,* 241 Ill. 571; *People* v. *Sholem,* 244 id. 502; *People* v. *Union Trust Co.* 255 id. 168; *People* v. *Orendorff,* 262 id. 246.) A beneficial interest, when considered as a designation of the character of an estate, is such an interest as a devisee takes solely for his own use or benefit and not as a mere holder of the title for the use of another. (*People* v. *McCormick,* 208 Ill. 437; *In re Seaman Estate,* 147 N. Y. 69.) The property here in question that was left to James A. Wagner under the first will and to Peter P. Schaefer under the second will was impressed with a trust, in each instance, at the time of the death of the testator and at the exact moment of time the property passed to the respective donees, and therefore, in both instances, the respective donees only received the legal title, the beneficial interest passing at once to other persons, as provided for in the memorandum. It is true that all property, whether real or personal, must pass at the moment of the

death of the owner, but the laws under which it passes and vests include all laws of the State which govern not only as to the vesting of the legal but the beneficial title as well, and include all rules of law in force in this State. See *Billings* v. *People,* 189 Ill. 472; *People* v. *Estate of Field,* 248 id. 147; *People* v. *Orendorff, supra.*

While the precise question here involved has never been passed upon in this court in the form in which it is here presented, the principle involved has been considered in *People* v. *Sholem, supra,* where it was held that in deciding upon the amount of the inheritance tax a partnership might be shown by parol testimony. It has repeatedly been held that the legislative intention under this law was that a person should be taxed only upon the beneficial interest that he received; that it was not a tax upon the estate but upon the right to receive the beneficial interest of a portion of the estate. (*People* v. *Union Trust Co. supra,* and cited cases.) To hold, as contended for by counsel for appellant, that the interest left under the will of Anthony J. Wagner to his brother, and thereafter by James A. Wagner to Peter P. Schaefer, should pay an inheritance tax, would be to hold that the person receiving the legal title, only, to property should be required to pay the inheritance tax on the title so received, notwithstanding he received no beneficial interest therein. This is contrary not only to the letter but to the spirit of the statute and all of our former decisions construing it.

The conclusion here reached in no way conflicts with the holding of this court in *In re Estate of Graves,* 242 Ill. 212, and *People* v. *Union Trust Co. supra,* that parties by agreement after the death of the testator or decedent can not change the proportionate amounts of property on which the respective beneficiaries should pay an inheritance tax. The trust in this property was created before the death of the respective testators. The declaration of trust executed and signed by Peter P. Schaefer long after the death of

the decedents, setting out the terms of the trust, in no way changed the terms of the trust which was impressed upon the property in question at the moment of the death of Anthony J. Wagner and thereafter at the moment of the death of James A. Wagner. Such declaration did not in any way affect the question of inheritance tax, and only showed Schaefer's willingness to carry out the provisions and conditions of the said trust. He is to be commended, rather than criticised, for thus making his position in the matter absolutely clear to all parties interested.

Proceedings to.levy and collect the inheritance taxes are statutory, but this court has never held that equitable principles could not be invoked in deciding as to what person received the beneficial interests that are taxable. Indeed, the reasoning of this court in *People* v. *Sholem, supra, People* v. *Estate of Field, supra, People* v. *Union Trust Co. supra, People* v. *Orendorff, supra,* and other cases, followed equitable principles in deciding what beneficial interests were taxable. Nothing was said by this court in *People* v. *Mills,* 247 Ill. 620, cited and relied on by counsel for appellant, that in any way conflicts with this conclusion. In that case the only question considered was what rules should apply as to preserving in the bill of exceptions, exceptions to the rulings of the court. Moreover, even if inheritance tax matters were strictly common law proceedings, the trust interest created by the promises of James A. Wagner and Peter P. Schaefer could be enforced thereunder. This court has held that it is not necessary to resort to chancery for the enforcement of such a right. *Lawrence* v. *Oglesby, supra.*

Counsel for appellant further argue that the rule they are contending for was laid down by the New York court in the case of *In re Edson,* 56 N. Y. Supp. 409, afterward affirmed without an opinion in 159 N. Y. 568. That court there held that oral testimony was competent to establish a

trust *aliunde* the will and to show who the beneficiaries of that trust were, but further stated that a trustee who held the legal title and not the beneficial interest should still be required to pay the inheritance tax. The opinion shows that the trustee held the beneficial interest of all the property for which he received the legal title under the will, in trust for a brother. No injustice was therefore done by requiring the trustee to pay the tax, as it would be the same amount whether he or his brother took the beneficial interest. So far as we can judge from the reading of the opinion, the question here before us was not necessary for the decision of that case. In any event, the reasoning in that case can only be persuasive and not controlling in this State. We are not disposed to follow it in those respects in which it in any way conflicts with the conclusions already reached in this opinion.

We find no error in the trial court's rulings on the questions already considered.

Appellee has filed cross-errors as to the inheritance tax fixed by the court upon the amounts which were to be received by Rev. J. W. Cummings and Ida Rising. These last two items as to inheritance taxes were entirely distinct and independent from the items appealed from in this case. The judgment as to the different items of these taxes is a distinct judgment as to each item. Under the holding of the court in *People* v. *Vogt*, 262 Ill. 170, appellee cannot raise by cross-errors the correctness of the court's ruling thereon. If he desired to raise such question, he himself should have appealed from the judgment as to those items. No other question is raised in the briefs.

The judgment of the county court will be affirmed.

*Judgment affirmed.*