Thomas H. Connors, Appellee, v. The Swords Company, Appellant.

Gen. No. 8,773.

Opinion filed August 1, 1934.

LARGE & RENO and FISHER, BOYDEN, BELL, BOYD & MARSHALL, for appellant; GUY B. RENO, GLENN A. LLOYD and JOSEPH E. NOLAN, of counsel.

DAVID D. MADDEN and LORETTA LADEN, for appellee.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

Thomas H. Connors, the appellee, started suit against the Swords Company, a corporation, the appellants, for a balance alleged to be due him as salary and for services performed by him, for the said com-

pany. Connors had been president or vice president of the Swords Company, during all the time that compensation is alleged to have accrued to him. The declaration consists of the common counts in assumpsit. To this declaration the defendant filed a plea of general issue. A bill of particulars was asked for and filed. The bill of particulars shows that the appellee claims a salary is due him from January 1, 1930, to February 15, 1933, at $12,000 a year, making a total of $37,500. To this amount a credit of $29,958.29 was applied, leaving a balance claimed to be due him of $7,541.71.

The plaintiff testified to the character and duration of the services that he had performed. The by-laws of the corporation showing the duties of the president and vice president, and the power of the board of directors to fix the salaries of the various officers and employees were offered and admitted in evidence. Over the objection of the defendant the resolution of the board of directors of February 17, 1930, electing the appellee president of said corporation and fixing his salary at $10,000 for the year 1930, was offered and admitted in evidence. The court refused to admit a subsequent resolution of May 10, 1930 of said board of directors increasing appellee's salary to $12,000 and making the same retroactive to January 1, 1930. The defendant moved for a directed verdict, which was denied. The defendant then offered its evidence attempting to show that after the resolution was adopted fixing the salaries of the different officers, by agreement, of all of the officers of the company the salary of each was reduced for the year 1932 and 1933, and that the Swords Company was not indebted to appellee, Connors, in any sum. The court sustained an objection to this offer. The appellant then offered to show the following: "We offer to show that on or about the first of March, 1932, a meeting was held between Thomas H. Connors, the plaintiff, Stanley

Smith, H. K. Hutton, Mr. Babcock, the witness, and Mr. Glenn Lloyd, who was at that time attorney for the corporation; that the financial affairs of the corporation were discussed and that at that time Thomas H. Connors, Stanley Smith and H. K. Hutton each agreed to take a cut from the salary which they had been drawing, of $10,000 per year to $7,500 per year; that Thomas Connors and each one of the directors of said corporation agreed to accept said cut and that Thomas Connors notified the officers of the corporation who kept the payroll thereof, that his salary thereafter would be $7,500 per year instead of $10,000; that the records of the corporation showing the account of Thomas Connors reflected a credit to him each month for salary at the rate of $7,500 per year from and after March 1, 1932, and that at the end of each month financial statements showing the amount of accrued salary for Thomas Connors, Stanley Smith and H. K. Hutton, were furnished to Thomas Connors and that he made no objection thereto; that he never at any time, until about the end of the year, 1933, claimed that the corporation owed him any back salary, over and above what he had received each month; that he received, from March 15, 1932, until July 31, 1932, a salary at the rate of $7,500 per year, which was paid to him bi-monthly, each check being for $312.50; that on or about August 1, 1932, Thomas Connors entered into an agreement with other directors and officers of the defendant that thereafter his salary and their salaries should be $500 per month, instead of $625 per month, which they had just prior thereto, been drawing and that from and after August 1, 1932, to January 15, 1933, Thomas Connors drew salary at the rate of $500 a month and that the officers of the Swords Company set up to his credit in the books each month's salary at the rate of $500 a month; that financial statements showing such set-up were furnished to Thomas Connors each month and that he

made no objection thereto; that at the time said conversations occurred, Thomas H. Connors, H. K. Hutton, and S. E. Smith were all directors of the Swords Company and that on said dates, when said purported cuts went into effect, the salaries of the other officers and employees of the Swords Company were likewise cut; that during the latter part of the year 1932 Thomas Connors was president of the defendant corporation, and as such president, at the end of each month received balance sheets and operating statements of the corporation showing its financial condition and showing the amount of money which was credited to him and the other officers for salaries each month and that said credits were $625 per month from March 1, 1932 to August 1, 1932, and $500 per month from and after August 1, 1932.

"MR. MADDEN: I object to the offer of the testimony, for the reason that, admitting the truth of everything offered, it is irrelevant, incompetent and immaterial and does not tend to bind the plaintiff in this case.

"THE COURT: Objection sustained."

The defendant then renewed its motion for a directed verdict at the close of all of the evidence and the court instructed the jury to find the issues for the plaintiff for the sum of $1,291.71. The jury found for the plaintiff as directed by the court and judgment was entered in favor of the plaintiff for this amount. The case is brought to this court on appeal by the Swords Company.

The first assignment of error of the appellant is that the court erroneously admitted in evidence the resolution of the board of directors of the Swords Company fixing the salaries of the various officers. Appellant claims that the same is illegal and void for the reason that the record shows that appellee, Connors, voted for the resolution in fixing his own salary. Our courts have had occasion to pass upon this question a great many times and have uniformly held that

where a director's vote is necessary to carry a motion to fix his own salary that the same is illegal and void and such director cannot maintain a suit to recover for services rendered by reason of such resolution. In the case of *Voorhees v. Mason,* 245 Ill. 256, at page 263, the same question was before our Supreme Court and in passing upon the question they say: "The by-laws of the corporation provided that 'the secretary shall be secretary of the board of directors and of the standing committees. He shall be general sales agent of stock and income certificates.' Each director, other than Kimball, held an office in the corporation, and at the first meeting of the board of directors was passed a resolution 'that commissions on sales of income certificates be limited to ten per cent of such sales,' and that of the commissions paid upon the sale of stock and income certificates, $5 be paid to the secretary, and $25 'to general agent or director making sale,' and the total amount of commissions on sales of stock and income certificates retained or paid from the proceeds of sales was $24,700. It was doubtless contemplated at the time said resolution was passed that the stock and income certificates of the corporation would be sold by the directors, and by their own votes they fixed the value of their commissions for making such sales. We think, therefore, the resolution fixing the amount of commissions which the corporation should pay to its secretary and directors for placing its stock and income certificates was not conclusive upon the corporation. (*Fritze v. Equitable Building & Loan Society,* 186 Ill. 183; *Adams v. Burke,* 201 Ill. 395.) The law is well settled in this State that compensation voted to an officer of a corporation is illegal if the resolution fixing the compensation is carried by his vote. (*McNulta v. Corn Belt Bank,* 164 Ill. 427; . . .) If, therefore, the resolution fixing the amount of commissions which

should be paid for selling stock and income certificates by the board of directors was void, the directors could not rightfully retain commissions for such sales by virtue of said resolution. The services of the secretary and other officers of the corporation in making sales of stock and income certificates were of value to the corporation, and upon proof of the value of such sales, regardless of the resolution, they may rightfully be allowed compensation for making · such sales,—that is, allowed such sum for such services as the same are reasonably worth, not to exceed the amount fixed by the resolution,—it being our view that the resolution having been passed for the express purpose to authorize the directors to sell stock and income certificates and to receive commissions for such service, and that resolution having been adopted by the votes of the directors who were to benefit from its adoption, it was void, and that such directors could only recover what their services were reasonably worth, but that they having made said sales while the resolution which had been passed by their own votes was unrescinded, they should be estopped to claim that they were entitled to receive more in the way of commissions for making said sales than the amount fixed by their own votes; that while the resolution was not binding upon the corporation, it was binding, by way of estoppel, upon the directors.'' A similar case is *Luthy v. Ream,* 270 Ill. 170, 177, in which it is said, ''Compensation voted to an officer of a corporation is illegal if the resolution fixing such compensation is carried by his vote. The salaries voted to the three officers by their own votes were therefore illegal, and the decree of the circuit court properly required the amounts which had been paid on account of such salaries to be refunded.''

. The appellee was attempting to prove a contract between himself and the Swords Company, and to establish this it was necessary for him to show a valid

resolution by the board of directors of the Swords Company fixing his compensation. The burden of establishing the legality of this resolution was upon the plaintiff, and it is our opinion it was error for the trial court to admit this resolution in evidence without proof that it was not necessary for Connors' vote to be counted for passing this resolution. The record itself does not disclose who voted for or against the resolution. Some proof should have been offered as to who voted for or against it.

The appellant strenuously insists that the appellee, Connors, has been paid all that is due him and that the court erred in refusing to admit proper proof to show that Connors and the other officers had mutually agreed to accept a reduced salary and had accepted the same in full settlement of the company's indebtedness to each of them. On the other hand the appellee insists that parol evidence was not admissible to show that the officers had agreed and did receive reduced salaries, and even if the same could have been shown by parol evidence this would not have any binding effect upon the Swords Company as it was not a party to, nor consented to a reduction of any of the salaries. The appellee places great reliance upon the case of *Richard Thompson Co. v. Brook,* reported in 14 N. Y. S. 370. An examination of this case discloses that the identical point which is involved in the case that we are now considering was discussed by the court in the New York case. In that case the court held that the corporation had not been a party to the reduction of the directors' salaries, and therefore, it could not maintain suit against a director for the amount that had been advanced for service. The court in passing upon this question reviewed the case of *Vrooman v. Turner,* 69 N. Y. 280, and quote it at length from the opinion in that case. It is very doubtful if the law as stated in the *Thompson* case is now the law in the State of New

York. In the case of *Seaver v. Ransom,* 224 N. Y. 233, 120 N. E. 639, the court announced departure from the strict construction as announced in the earlier cases. The courts of Illinois have never adopted the doctrine as laid down in the *Thompson Co. v. Brook* case, and *Vrooman v. Turner.* In the case of *Dean v. Walker,* 107 Ill. 540, our Supreme Court was passing upon the same facts as presented in the *Vrooman v. Turner* case, *supra,* and our court had occasion to review the *Vrooman* case as it was cited by, and relied upon by the appellant in the case. The court in passing upon the case uses this language: ''It is a familiar rule, and one well sustained by authority, that where one person, for a valuable consideration, makes a promise to another for the benefit of a third person, such third person may maintain an action upon it. It is not necessary in such a case that there should be any consideration moving from the third person, for whose benefit the promise is made, or that there should be any privity between them. The conveyance of the land is the consideration for the promise, and the fact that the consideration moves from the mortgagor is a matter of no moment. This is well illustrated in *Brown v. Dyer,* 7 Cush. 337, where it is said: 'Upon the principle of law long recognized and clearly established, that where one person, for a valuable consideration, engages with another to do some act for the benefit of a third, the latter, who would enjoy the benefit of the act, may maintain an action for the breach of such engagement,—that it does not rest upon the ground of any actual or supposed relationship between the parties, as some of the earlier cases seem to indicate, but upon the broad and more satisfactory basis that the law, operating upon the acts of the parties, creates the duty, establishes a privity, and implies the promise and obligation on which the action is founded.' '' This case has been followed in the case of *Daub v. Englebach,* 109

Ill. 267; *Gage v. Cameron*, 212 Ill. 146; and *Scholten v. Barber*, 217 Ill. 148.

In the case of *Lawrence v. Oglesby*, 178 Ill. 122, 129, the court says: ''Where a contract is entered into by one with another for the benefit of a third person, such third person may maintain an action in his own name for a breach thereof. Such is the well recognized rule and one not an open question in this State. In the enforcement of such right on such a promise resort may be had to a court of law. It is not necessary to resort to chancery. The common count for money had and received for the use of another is an equitable form of common law pleading, and of itself is sufficient on which to authorize the admission of this evidence and sustain a recovery.'' This same doctrine was announced in the case of *Carson Pirie Scott & Co. v. Parrett*, 346 Ill. 252, 262. It is our opinion that the trial court erred in refusing to permit the appellant to make its offered proof, to show that by mutual agreement, the salaries of the various officers including the appellee, had been voluntarily reduced, and accepted by them in payment for their salaries due them from the defendant company. The reduction of the salaries of the various officers was made for the benefit of the defendant company and said company had a right to maintain or defend its suit as against the claim of the appellee. A promise to accept a reduced salary and the acceptance of the same was an executed parol agreement and could be shown to defeat a recovery upon a written resolution passed by the board of directors fixing the appellee's salary at $10,000 per year. *Yockey v. Marion*, 269 Ill. 342.

The decree of the circuit court of Winnebago county is hereby reversed and cause is remanded.

*Reversed and remanded.*